UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

WAYNE PATTERSON,

       Plaintiff,

v.                                      Civil Action No. 2:12-01964

CITY OF SOUTH CHARLESTON,
a municipal corporation;
LIEUTENANT R.T. YEAGER,
individually and in his official
capacity, South Charleston Police;
OFFICER T.A. BAILES,
individually and in his official
capacity, South Charleston Police;
OFFICER A.R. LINDELL,
individually and in his official
capacity, South Charleston Police; and
seven unknown JOHN DOES 1-7, individually and in their official
capacities,

Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

       Pending are the plaintiff's motion to amend his complaint, filed November 5, 2012, and the plaintiff's objections to the proposed findings and recommendation of the United States Magistrate Judge, filed November 16, 2012.

I.  Factual and Procedural Background

       The <u>pro</u> <u>se</u> plaintiff, Wayne Patterson, initiated this action in the United States District Court for the Southern District of West Virginia on June 11, 2012.  The complaint

asserts numerous causes of action against the City of South
Charleston, West Virginia, and ten individual police officers,
arising in connection with two purportedly unconstitutional
arrests on July 2, 2011 and September 7, 2011, respectively.
See Compl. ¶ 3.  Pursuant to standing order, these pro se
proceedings were referred to United States Magistrate Judge Mary
E. Stanley.  On July 23, 2012, the defendants filed a motion to
dismiss the complaint, which the magistrate judge subsequently
converted to a motion for summary judgment.  See Order, July 27,
2012.  On October 30, 2012, Judge Stanley entered her proposed
findings and recommendation, wherein it is recommended that the
court grant the defendant's motion.  Proposed Findings and
Recommendation ("PF&R") 19.  In response, the plaintiff filed
objections to the proposed findings and a motion to amend his
complaint.

## II.  Analysis

A.   Objections to the Proposed Findings and Recommendation of
     the United States Magistrate Judge

     In her proposed findings and recommendation, the
magistrate judge concluded that the defendant's motion for
summary judgment should be granted and this matter dismissed

2

from the docket, to which the plaintiff has filed his
objections.

     When objections are raised to findings and
recommendations proposed by a magistrate judge, the supervising
district court must conduct a de novo review.  28 U.S.C. §
636(b)(1).  Review, however, may be limited to "those portions
of the report or specified proposed findings . . . to which
objection is made."  Id.; United States v. Midgette, 478 F.3d
616, 621 (4th Cir. 2007) (citing § 636(b)(1)) ("Section
636(b)(1) does not countenance a form of generalized objection
to cover all issues addressed by the magistrate judge; it
contemplates that a party's objection to a magistrate judge's
report be specific and particularized.").

     The plaintiff first objects to the finding that his
two arrests for battery and domestic battery, both stemming from
events that occurred on June 29, 2011, were supported by
probable cause, arguing that the defendant officers determined
at the scene of the alleged batteries that no report need be
generated, thereby indicating that no unlawful conduct had
occurred.  Objections to the Findings and Recommendations of
Magistrate Judge Stanley ("Pl.'s Objections") 7, 9-10.  His
objection merely restates arguments soundly rejected by the
magistrate judge, who noted that the police were not present at

3

the time of the alleged assaults, had "witnessed the siblings feuding over the property," and filed criminal complaints based on subsequent statements made by the victims at the South Charleston Police Department.  PF&R 17-18.  The plaintiff's objection is thus meritless.

Second, the plaintiff objects by contending that a municipal corporation must be held liable for negligence "in the performance of functions assumed by it."  Pl.'s Objections 16-17.  The complaint, however, asserts no claim for negligent provision of public services, beyond a single conclusory statement that "[t]he CITY's failure to adequately train and supervise its officers in basic arrest procedures and the laws . . . was a moving force behind the PLAINTIFF's two illegal arrest [sic]."  Compl. ¶ 51.  Section 636(b)(1) authorizes only written objections to the proposed findings and objections of the magistrate judge, and requires de novo review only of the portions of the magistrate judge's report to which specific objection is made.  The court need not consider any causes of action asserted for the first time in the plaintiff's objections.[1]

---

[1] The magistrate judge was also under no obligation to analyze similar arguments initially asserted in the plaintiff's response to the defendant's motion to dismiss.  See Morgan Distrib. Co. v. Unidynamic Corp., 868 F.2d 992, 995 (8th Cir. 1989) (quoting Car

Third, the plaintiff objects to the dismissal of his claims for malicious prosecution under both state law and 42 U.S.C. § 1983.  Pl.'s Objections 17-23.  Specifically, the plaintiff argues that a judicial determination of probable cause does not insulate the officer who sought the warrant without probable cause.  Id. at 22.  The magistrate judge did not base her recommendation concerning the claims of malicious prosecution on the existence of an arrest warrant.  See PF&R 17-18.  Rather, she concluded that the defendant officers did not lack probable cause to obtain the arrest warrants.  Id.  The court has already affirmed the validity of that finding in response to the plaintiff's first objection.  The plaintiff's objection is without merit.

Fourth, the plaintiff objects that the magistrate judge failed to address his claims of conversion, trespass, fraud, and civil conspiracy.  Pl.'s Objections 23-26.  Those causes of action are not raised in the complaint, which is devoid of any reference to fraud or civil conspiracy.[2]  As proof that he pled conversion and trespass, the plaintiff cites two

---

Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984)) ("[I]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss.").

[2] As discussed infra in Part II.B, the plaintiff does assert fraud in his amended complaint.  For the reasons discussed in that section, the claim fails as a matter of law.

sentences in the "Facts" section of the complaint, which state:

> 31.  On June 23, 2011, at approximately 5:55 pm edt the South Charleston police personnel departed the premises.

> 32.  On or about June 29, 2011, at approximately 4:30pm edt, LT. YEAGER, JOHN DOE #3, JOHN DOE #4 and JOHN DOE #5 all uniformed officers of the SCPD, came to the premises and ordered PLAINTIFF, George and Eros to immediately leave (vacate) the premises; whereupon PLAINTIFF, George and Eros promptly vacated the premises.

See id. (citing Compl. ¶¶ 31-32).  The language identified contains no indication that the plaintiff intended to assert the claims described.  The plaintiff's objections cite no specific portion of the complaint that would allow the court to conclude otherwise.  See id. at 26.  The objection is thus meritless.

Fifth, the plaintiff objects to the magistrate judge's conclusions concerning his claims for abuse of process.  Id.  He raises no specific objections, however, to her analysis or to her finding that the defendant officers had sufficient probable cause to seek arrest warrants, see id., which has already been discussed by the court in response to the plaintiff's first objection.

Sixth, and finally, the plaintiff asserts a cause of action for outrage, or intentional infliction of emotional distress.  Id. at 26-28.  The complaint does not assert intentional infliction of emotional distress as a cause of

6

action.  The magistrate judge specifically noted that "plaintiff's references to humiliation, embarrassment and emotional distress appear to be descriptions of his feelings about the events, rather than specific claims for relief, and they do not merit further discussion."  PF&R 18-19.  Even assuming that the complaint, liberally construed, asserted intentional infliction of emotional distress, the conduct alleged cannot, as a matter of law, be reasonably regarded as sufficiently extreme or outrageous given the existence of both facially valid arrest warrants and probable cause for seeking those warrants.  See Travis v. Alcon Labs., Inc., 504 S.E.2d 419 syllabus ¶ 4 (W. Va. 1998) (providing the trial court with the authority to "determine whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to constitute the intentional or reckless infliction of emotional distress.").  The objection is therefore meritless.

          In summary, having reviewed the record and the plaintiff's various objections, the court concludes that the magistrate judge's recommendation to grant the defendant's motion for summary judgment should be adopted.

B.  Motion to Amend the Complaint

In his motion to amend, the plaintiff seeks leave to submit a complaint that provides "a more definite statement" of the facts and law underlying his claims.  Pl.'s Mot. and Mem. of L. in Supp. of Leave to Am. Compl. ¶ 5.  The amended complaint essentially reasserts the same causes of action raised in the original complaint, as well as causes of action for civil conversion, common law fraud, and civil trespass against all defendants.  See Am. Compl. ¶¶ 129-359.  The defendants, without specifically addressing the new claims asserted in the amended complaint, respond that the proposed amendments would be prejudicial and futile given the magistrate judge's proposed findings and recommendation regarding the claims raised in the original complaint.  Def.'s Resp. to Pl.'s Mot. for Leave to Am. Compl.

Federal Rule of Civil Procedure 15(a)(2) provides that an amended complaint may not be filed without the court's leave.  See Fed. R. Civ. P. 15(a)(2).  Leave to amend should be granted "freely . . . when justice so requires," id., but should be denied when delay is coupled with prejudice, bad faith, or futility, Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) (citing Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)).  An amendment is futile if the proposed

8

claim would not withstand a motion to dismiss.  Perkins v. United States, 55 F.3d 910, 917 (4th Cir. 1995).

Thus, leave to amend must be predicated in significant part upon the movant alleging "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The court must "'accept as true all of the factual allegations contained in the complaint,'" id. at 572 (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)), and must "draw[] all reasonable . . . inferences from those facts in the plaintiff's favor," Edwards, 178 F.3d at 244.  Moreover, pro se complaints must be construed liberally.  See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).  Ultimately, however, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

As a threshold matter, the court notes that the amended complaint contains no new facts or allegations that would alter the court's decision granting summary judgment in favor of the defendant, with respect to the claims asserted in the original complaint and reasserted in the amended complaint. Leave to amend those claims is therefore denied as futile.

9

The court further observes that the claims asserted
for the first time in the amended complaint are poorly pled,
each consisting of a conclusory statement without reference to
specific facts or elements of the relevant cause of action.
See, e.g., Am. Compl. ¶¶ 143-49.  Claims of fraud, in
particular, are subject to heightened pleading requirements.[3]
Fed. R. Civ. P. 9(b).  Construing the pleadings liberally,
however, the plaintiff has provided sufficient information for
the court to address the newly raised causes of action for
conversion, common law fraud, and civil trespass.

Two of those causes of action are substantively
flawed.  First, conversion may not be asserted with respect to
real property, except in limited circumstances.[4]  Denke v.
Mamola, 437 N.W.2d 205, 207 (S.D. 1989) (citing 18 Am. Jur. 2d
Conversion § 19, at 156 (1985)); see Restatement (Second) of
Torts § 223 (1965).  Given that the disputed property in this

---

[3] Even plaintiffs proceeding pro se must comply with the stricter
standard espoused in Federal Rule of Civil Procedure 9(b).  See,
e.g., Breeden v. Richmond Cmty. College, 171 F.R.D. 189, 198
(M.D.N.C. 1997).  Pro se litigants should generally be granted
leave to amend, rather than suffer outright dismissal of their
claims, for failure to comply with the strictures of Rule 9(b).
See id.  As discussed infra, however, the plaintiff's claim for
fraud suffers from substantive deficiencies rendering further
opportunity to amend unnecessary.

[4] The plaintiff does not, for example, allege that the dwelling at
issue has been "severed and removed from the real estate."  See
Denke, 437 N.W.2d at 207.

matter is a home, affixed to real property, <u>see</u> Am. Compl. ¶¶ 51-69, the plaintiff's claim for conversion is precluded as a matter of law.

Second, under West Virginia law, the "essential elements" of fraud are:

> (1) that the act claimed to be fraudulent was the act of the defendant or induced by him; (2) that it was material and false; that plaintiff relied upon it and was justified under the circumstances in relying upon it; and (3) that he was damaged because he relied upon it.

<u>Lengyel v. Lint</u>, 280 S.E.2d 66, 69 (W. Va. 1981) (quoting <u>Horton v. Tyree</u>, 139 S.E. 737, 738 (W. Va. 1927)).  In this case, the plaintiff's allegations of fraud are predicated on the assumption that defendants Bailes and Lindell, as well as the City of South Charleston, filed "false and fraudulent" reports leading to the issuance of two arrest warrants.  <u>See</u> Am. Compl. ¶¶ 89-95, 99, 117-28.  By the plaintiff's own admission, however, the defendants "made the sworn representation[s] to the <u>court</u> . . . with the intent that the <u>Court</u> should . . . rely and act on . . . [them], and should be deceived and defrauded."  Am. Compl. ¶ 121 (emphasis added).  Thus, the plaintiff tacitly acknowledges that he did not rely on the potentially fraudulent statements, as required by West Virginia law.  Accordingly, his claims for fraud also fail as a matter of law.  The court must therefore conclude that the proposed amendment is futile, with

11

respect to the claims of conversion and fraud.

Finally, the plaintiff seeks leave to assert a claim for civil trespass. West Virginia law defines trespass as "entry on another man's ground without lawful authority, and doing some damage, however inconsiderable, to his real property." Hark v. Mountain Fork Lumber Co., 34 S.E.2d 348, 352-53 (W. Va. 1945) (internal quotation marks omitted). The amended complaint alleges that on July 1, 2011, defendants Yeager and John Does 1 through 7 entered property located at 825 Barrett Street in South Charleston, West Virginia and summarily ordered the plaintiff to vacate the premises. Am. Compl. ¶¶ 25, 51. The amended complaint further states that the plaintiff continues to be deprived of his right to possess the home in question. It is undisputed that the plaintiff shares the property with his siblings as tenants in common, id. ¶ 25, and that the officers were informed of the plaintiff's rights in the property, id. ¶ 63. Thus, despite the ongoing feud between the plaintiff and his sister and tenant in common Gail Reid, the plaintiff had a clearly defined right to possess the property as a whole. See Eagle Gas Co. v. Doran & Assocs., Inc., 387 S.E.2d 99, 103 (W. Va. 1989) ("Both [parties] . . . were tenants-in-common of the property, each with the right to possession of the whole."). Although law enforcement officers are privileged to

12

commit trespass when exercising lawful authority in a reasonable manner, see, e.g., 75 Am. Jur. 2d Trespass § 78 (2007), the defendants suggest no legal basis for their entry onto the plaintiff's property or for his subsequent ejection.[5]  Therefore, the plaintiff has established a plausible claim that the defendant officers entered his property without lawful authority.[6]  Accordingly, amending his complaint to include a cause of action for trespass against defendants Yeager and John Does 1 through 7 would not be futile.[7]

---

[5] As noted earlier, the defendants fail to address the trespass claim entirely, contending only that the magistrate judge's findings and recommendation with respect to the claims asserted in the original complaint render amendment prejudicial and futile.  At no point, however, does the defendant explain why amendment with respect to claims not raised before the magistrate judge would be prejudicial or futile.

[6] The plaintiff acknowledges that Gail Reid was present when the purported trespass occurred.  Aff. of Wayne Patterson ¶ 41, ECF No. 19.  It is unclear, however, whether Reid's implied consent to the entry, as co-owner of the property, would insulate the defendants from liability for trespass.  See Restatement (Second) of Torts § 167 cmt. g (1965) ("The effect of consent by one or more tenants in common . . . depends upon the mutual rights of such co-tenants and, therefore, is not within the scope of the Restatement of this Subject.").  Furthermore, the court is precluded from considering information not contained in the complaint and accompanying documents when resolving a motion to dismiss.  Am. Chiropractic Ass'n, Inc. v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004).

[7] The plaintiff also seeks to hold the City of South Charleston liable for the alleged trespass, arguing that his "ejection" occurred as a result of the city's "policies, customs, and practices" and its "failure to adequately train and supervise its officers."  Am. Compl. ¶¶ 103-04.  The plaintiff provides nothing, however, beyond conclusory allegations.  Furthermore, W. Va. Code §

III.  Conclusion

It is accordingly ordered that the proposed findings and recommendation of the magistrate judge be, and hereby are, adopted; the defendant's motion for summary judgment be, and hereby is, granted; and the claims set forth in the original complaint are hereby ordered dismissed.

It is further ordered that the plaintiff's motion to amend his complaint is granted with respect to the trespass claim and otherwise denied; and the amended complaint presented by the plaintiff on November 5, 2012 is hereby ordered filed as of this date.  This action shall proceed only on the basis of the trespass claim set forth therein.

It is further ordered that this case be, and hereby is, again referred to the United States Magistrate Judge for further proceedings on that claim.

---

29-12A-4(c)(2) only abrogates the immunity afforded political subdivisions for the negligent acts of employees acting within the scope of employment.  The amended complaint unambiguously describes the defendants' acts of trespass as intentional and premeditated. See, e.g., Am. Compl. ¶ 73.  Thus, the plaintiff is prohibited from asserting trespass as a cause of action against the City of South Charleston.  See Mallamo v. Town of Rivesville, 477 S.E.2d 525, 533-34 (W. Va. 1996) (refusing to impose liability on a municipal entity for the intentional acts of its police chief, given the "plain meaning" of W. Va. Code § 29-12A-4(c)(2)).

14

The Clerk is directed to forward copies of this written opinion and order to the pro se plaintiff, all counsel of record, and the United States Magistrate Judge.

DATED:  March 29, 2013

John T. Copenhaver, Jr.
United States District Judge

15