IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**WAYNE PATTERSON,**

        **Plaintiff,**

v.                                                                            Case No. 2:12-cv-01964

**CITY OF SOUTH CHARLESTON, et al.,**

        **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is before the court on one remaining claim of "civil trespass" against defendants Yeager and John Does 1 through 7. (ECF No. 40 at 12-14.) The presiding District Judge, the Honorable John T. Copenhaver, Jr., referred this matter to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

Pending before the court are the defendants' Motion to Dismiss or, in the alternative, Motion for Summary Judgment, which was filed on June 17, 2013 (ECF No. 66.), the plaintiff's Motion for Summary Judgment (ECF No. 90.) and the defendants' Motion to Dismiss for Failure to Prosecute Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure (ECF No. 87.)

For the reasons stated herein, the undersigned proposes that the presiding District Judge **FIND** that the defendants' Motion to Dismiss or alternatively Motion for Summary Judgment (ECF No. 66.) and the plaintiff's Motion for Summary Judgment (ECF No. 90.) are premature, as there are genuine issues of material fact in dispute.

Accordingly, it is respectfully **RECOMMENDED** that these motions be **DENIED**, **without prejudice**, to allow the parties an opportunity to engage in further discovery.

The undersigned further proposes that the presiding District Judge **FIND** that, because the plaintiff has provided good cause, based upon financial hardship, for his failure to attend his unilaterally scheduled deposition, and the undersigned has granted the plaintiff's Second Motion for Protective Order concerning the same, dismissal of this action for failure to prosecute is not warranted. Accordingly, it is respectfully **RECOMMENDED** that the defendants' Motion to Dismiss for Failure to Prosecute Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure (ECF No. 87.) be **DENIED**.

## THE PLAINTIFF'S REMAINING ALLEGATIONS

The plaintiff's Amended Complaint alleges that, on July 1, 2011, defendants Lt. Robert T. Yeager and John Does 1 through 7, who are alleged to be unidentified officers of the South Charleston Police Department, arrived at 825 Barrett Street in South Charleston, West Virginia, a home that the parties agree is owned by the plaintiff and his siblings, as tenants in common, following the death of their mother, who died intestate. (ECF No. 41 at ¶ 66.) The Amended Complaint further alleges that Lt. Yeager and the John Doe officers "came to PATTERSON'S front door in police uniforms, armed with guns, aggressively entered PATTERSON'S residence and commanded PATTERSON to immediately vacate PATTERSON'S house." (*Id.* at ¶ 9.) The Amended Complaint further alleges that the plaintiff had a right of immediate possession of the premises by way of title and possession." (*Id.*, ¶ 52.) The Amended Complaint further alleges that Lt. Yeager and the John Doe officers "forcibly, maliciously, unlawfully, and without legal authority trespassed upon PATTERSON'S property in violation of the 4th and 14th

Amendments of the United States Constitution, the West Virginia Constitution, West Virginia statute and West Virginia common law. (*Id.* at ¶¶ 167, 230, 251, 272, 293, 314, 335, and 355.)

## STANDARDS OF REVIEW

*Dismissal for failure to state a claim upon which relief can be granted*

In *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.
> * * *
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

3

129 S. Ct. at 1949-50.

### *Summary Judgment*

In evaluating summary judgment motions, Rule 56(a) of the Federal Rules of Civil Procedure provides:

> A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Fed. R. Civ. P. 56(a) (2010). Material facts are those necessary to establish the elements of a party's cause of action. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

A genuine issue of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. *Id.* The moving party has the burden of establishing that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Even if there is no dispute as to the evidentiary facts, summary judgment is also not appropriate where the ultimate factual conclusions to be drawn are in dispute. *Overstreet v. Kentucky Cent. Life Ins. Co.*, 950 F.2d 931, 937 (4th Cir. 1991).

Rule 56(c)(1) of the Federal Rules of Civil Procedure provides that:

A party asserting that a fact cannot be or is genuinely disputed, must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

>    (B)  showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).  Subsection (e) of Rule 56 provides that, if a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact, the court may:  (1) give the parties an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and undisputed supporting materials show that the movant is entitled to it; or (4) issue any other appropriate order.  Fed. R. Civ. P. 56(e).

A court must neither resolve disputed facts nor weigh the evidence, *Russell v. Microdyne Corp.*, 65 F.3d 1229, 1239 (4th Cir. 1995), nor make determinations of credibility.  *Sosebee v. Murphy*, 797 F.2d 179, 182 (4th Cir. 1986).  Rather, the party opposing the motion is entitled to have his or her version of the facts accepted as true and, moreover, to have all internal conflicts resolved in his or her favor.  *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979).  Inferences that are "drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion."  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).  However, the party opposing the motion may not rely upon mere allegations or denials of the pleadings, but must set forth specific facts showing that there is a genuine issue for trial.  *Sprenkle v. Hartford Life Ins. Co.*, 84 F. Supp. 2d 751 (N.D. W. Va. 2000).

If a party's motion relies upon materials outside of the four corners of the Complaint to support its claim or defenses, the court may treat a motion to dismiss as one for summary judgment pursuant to Rule 56.  *See Jeffers v. Wal-Mart Stores, Inc.*, 84 F. Supp.2d 775, 777 (S.D. W. Va. 2000).

*Motion to Dismiss for Failure to Prosecute*

Rule 41(b) of the Federal Rules of Civil Procedure provides that, if a plaintiff fails to prosecute an action or fails to comply with the Rules of Civil Procedure or a court order, a defendant may move for a dismissal of the action and, unless the dismissal order states otherwise, the dismissal is considered to be an adjudication on the merits and, thus, a dismissal with prejudice. Fed. R. Civ. P. 41(b).

## THE PARTIES' ARGUMENTS

### A. The defendants' Motion to Dismiss or alternatively, Motion for Summary Judgment.

*The defendants' motion*

The defendants' Motion to Dismiss or, alternatively, Motion for Summary Judgment (ECF No. 66) asserts that the plaintiff's Amended Complaint fails to state a claim upon which relief can be granted. First, the defendants assert that the Amended Complaint lacks the factual detail necessary to satisfy the *Twombly/Iqbal* standard set forth above. (ECF No. 67 at 7-9.) Second, to the extent that the plaintiff may allege constitutional violations as a result of the defendants' conduct, the defendants assert that they are entitled to qualified immunity because they were acting reasonably and within the scope of their authority under the circumstances. (*Id.* at 9-12.) Third, the defendants assert that their entry upon the property was not unauthorized either because the plaintiff, himself, had authorized their entry on two prior occasions (*id.* at 13-15.), or because they had received authorization from the plaintiff's co-tenant in common, his sister, Gail Reid, who was present outside the dwelling at the time the entry took place. (*Id.* at 16-19.) The defendants assert that the plaintiff's allegations "stop short of indicating whether the [d]efendants' presence on the subject property was

6

invited, or whether the [d]efendants were ever asked to leave the subject property after entering the same." (*Id.* at 8.) The defendants also challenge the plaintiff's allegation that he had a right to "exclusive" possession of the property. (*Id.* at 8-9.)

Finally, the defendants assert that the plaintiff's claim for punitive damages is barred by state statute, and that the plaintiff is not entitled to attorney's fees because he is appearing *pro se*. (*Id.* at 19-21.)

### The plaintiff's response brief

On July 3, 2013, the plaintiff filed a response to the defendants' Motion to Dismiss or alternative Motion for Summary Judgment. (ECF No. 76.) The undersigned notes that, in addition to discussing the civil trespass claim, the plaintiff addresses other claims and defendants that have been dismissed by the presiding District Judge.[1] The undersigned will not address the dismissed claims herein, and will only focus on the civil trespass claim against defendants Yeager and John Does 1-7.

First, the plaintiff disputes that his consent to the defendants' entry onto the property on June 29, 2011, to quell any potential incidents or misunderstandings concerning possession of the house, continued through July 1, 2011. The plaintiff contends that any such consent "had been erased" or "did not exist" on July 1, 2011. Thus, he asserts that the defendants entered the residence without legitimate cause or consent. (ECF No. 76 at 15.) Second, the plaintiff asserts that the alleged consent of Gail Reid for the defendants to enter the property on July 1, 2011 was insufficient

---

[1] For example, a great portion of the plaintiff's response to the defendants' motion (and that of the plaintiff's own Motion for Summary Judgment as well) focuses on the plaintiff's allegations that the defendants, including the City of South Charleston, which has been dismissed, engaged in a pattern or practice of arbitrary and unlawful acts of racial discrimination. The plaintiff's documents continue to address allegations of fraud, malicious arrest and prosecution, and other acts that were allegedly racially motivated. All of those allegations and claims related thereto have been dismissed by Judge Copenhaver. The only remaining claim is the civil trespass claim against defendants Yeager and John Does 1-7, which will be addressed further *infra*.

because she was not "in possession" of the property on that date. (*Id.* at 18.) The plaintiff further attempts to distinguish the cases cited by the defendants in their Memorandum of Law (ECF No. 67.), on the basis that those cases involved an ongoing investigation of a violent crime or a consent to search the property. The plaintiff maintains that "no records exist, existed or were generated by the City and Defendants indicating an investigation or crime of domestic violence involving Patterson." (*Id.* at 18.) The plaintiff further argues that he has suffered injury in the form of continually being denied the possession and use of his property by the defendants' interference with his property rights. (*Id.* at 20.) The plaintiff's response incorporates by reference documents including the plaintiff's affidavit (ECF No. 19.), the affidavit of the plaintiff's brother, George Patterson (ECF No. 35.), the plaintiff's Complaint and Amended Complaint (ECF Nos. 2 and 41.), the plaintiff's response to the Motion to Compel his Deposition (ECF No. 56.) and the plaintiff's Motions to Compel Discovery Responses (ECF Nos. 57-64.)

### *The defendants' reply brief*

On July 9, 2013, the defendants filed a reply brief in which they assert that the plaintiff is attempting to retroactively withdraw his consent for them to enter the property simply because the dispute over the property was resolved unfavorably to the plaintiff. The defendants also attempt to rebut the plaintiff's argument that Gail Reid's consent was insufficient. Citing to a treatise, the defendants note that, to be a valid defense to a trespass, consent may be given by "one in possession [or] one *entitled to possession* of the premises . . ." 75 Am. Jur. 2d Trespass § 72 (2013) (emphasis added). (ECF No. 77 at 3.) The defendants further assert that, because Gail Reid was a tenant in common with the plaintiff, she had equal entitlement to possession of the premises. (*Id.*

8

6-7.) The defendants further assert that the prior consent of the plaintiff, or the implied or actual consent of Gail Reid, serves as an absolute defense to the plaintiff's civil trespass claim. (*Id.* at 2-5.)

The defendants also reiterate their argument that they are entitled to qualified immunity for any damages caused to the plaintiff. (*Id.* at 5-7.) The defendants contend that they merely exercised their discretionary authority to settle an apparent ongoing dispute between plaintiff and his sister and her family by asking the plaintiff to leave the property, which they claim was reasonable under the circumstances. (*Id.* at 6-7.) Citing to *Kingman v. United* States, 2000 U.S. Dist. LEXIS 14393, 3 86 A.F.T.R.2d (RIA) 6264 (S.D. Ohio 2000), the defendants further maintain that Gail Reid, as a tenant in common, had a right to transfer her interest in the property to her daughter without the plaintiff's consent. ("Each tenant in common holds a joint interest, a separate and distinct title, and the right to transfer his or her interest without the co-tenant's consent.")

### B.   The plaintiff's Motion for Summary Judgment.

#### *The plaintiff's motion*

Despite previously claiming that he still needed discovery responses from the defendants, on September 9, 2013, the plaintiff filed his own Motion for Summary Judgment (ECF No. 90.) The plaintiff's motion asserts that "[t]he seminal issue before this Court is whether without permission or legal basis, defendants entered Plaintiff's ("Patterson") property and summarily ejected Patterson." (*Id.* at 1.) The plaintiff then asserts that the defendants have admitted that they entered the property without Patterson's permission and ejected him on July 1, 2011. (*Id.* at 1 n.1, citing defendant Yeager's response to Request for Admission 6, p. 8 of Defendant's Responses to First Set

9

of Requests for Admissions, which is not presently part of the record). The plaintiff further asserts that the defendants "have failed to identify any lawful authority used by the defendant police officers to forcefully enter and forcefully eject Patterson." (*Id.* at 2.) The plaintiff further contends that the actions of the defendants have interfered "with his well-defined right to possess his property as a whole." (*Id.*)

The plaintiff's Memorandum of Law in support of his Motion for Summary Judgment (ECF No. 91.) largely addresses whether the plaintiff had a reasonable expectation of privacy in the subject residence, in an effort to establish a violation of his Fourth Amendment rights. The plaintiff also reiterates his allegations that the actions of the defendants were racially motivated – an assertion that is not directly relevant to the remaining civil trespass claim. (*Id.* at 1-3.) The plaintiff emphasizes that Judge Copenhaver has already found that the "plaintiff has a clearly defined right to possess the property as a whole" and that "the record is completely devoid of defendants' legal explanation for their actions against Patterson and the law on July 1, 2011." (*Id.* at 3.) The plaintiff also reiterates his contention that the conduct of the defendants has resulted in a continuing trespass. (*Id.* at 4.)

### *The defendants' response*

On September 20, 2013, the defendants filed a response to the plaintiff's Motion for Summary Judgment (ECF No. 94.) The defendants first note that much of the plaintiff's argument concerns previously dismissed claims and, thus, is irrelevant and superfluous. (*Id.* at 1.) The defendants further assert that the plaintiff is attempting to resurrect his previously dismissed Fourth and Fourteenth Amendment claims by arguing that his constitutional rights were violated by the defendants' forced entry and

10

ejection of him from the property, and that such claims do not merit consideration by the court. (*Id.* at 3.)

The defendants' response then focuses on the facts surrounding the plaintiff's invitation of the South Charleston Police onto the property on June 29 2011, and their return to the property on July 1, 2011. The defendants dispute the plaintiff's contention that Lt. Yeager's admission that he and at least two other officers entered the property and forced the plaintiff to leave on July 1, 2011, is also an admission that they did so without lawful authority. (*Id.* at 6.) The defendants maintain that the facts demonstrate that they did have lawful authority to enter the property on July 1, 2011. (*Id.*) The defendants' response further states that, at the very least, the facts surrounding the civil trespass claim remain in dispute. (*Id.* at 7.)

### The plaintiff's reply brief

On September 30, 2013, the plaintiff filed a Reply to the defendants' Response to the plaintiff's Motion for Summary Judgment (ECF No. 96.) Once again, a large portion of the plaintiff's brief focuses on facts and issues related to dismissed claims. Concerning the facts related to the alleged trespass, the plaintiff's brief notes as follows:

> Defendant Lt. Yeager admits that on July 1, 2011 [Gail and Jaime] the alleged victims accompanied Lt. Yeager to Patterson's house in separate cars. It stands to reason that at some point on July 1, 2011 *either* the alleged victims were at the police station *or* Lt. Yeager went to their location. It stands to reason also that on July 1, 2011 Lt. Yeager had conversations with the alleged victims who then complained to Lt. Yeager and convinced Lt. Yeager to get into a city police car and drive to Patterson's house, threaten Patterson, eject Patterson and seize Patterson's house, then arbitrarily turning possession over to non-owner Danaya Steiner.

(*Id.* at 1.) The plaintiff again emphasizes his position that the defendants had no lawful authority to support their actions under the circumstances. (*Id.* at 4.) The plaintiff

11

further disputes the defendants' assertion that they had the implied consent of Gail Reid, claiming that the fact that she lived elsewhere negated her ability to consent to the entry, when Patterson was "living" in the residence at the time. (*Id.* at 5.)

### C. The defendants' Motion to Dismiss for Failure to Prosecute.

*The defendants' motion*

On August 28, 2013, the defendants filed a Motion to Dismiss for Failure to Prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure (ECF No. 87.), which is the second motion of this nature filed by the defendants. The motion arises out of the plaintiff's failure to appear for a scheduled deposition at the offices of the defendants' counsel in Charleston, West Virginia on August 26, 2013.[2] At the time the deposition was set by the defendants, a Motion to Compel the Plaintiff's Deposition in Charleston, West Virginia, or to Dismiss for Failure to Prosecute (ECF No. 53) was pending.

On August 22, 2013, the undersigned granted the Motion to Compel the Plaintiff's Deposition, finding that the plaintiff had not offered sufficient good cause for his resistance to traveling to Charleston to give his deposition, and denied the first Motion to Dismiss for Failure to Prosecute. (ECF No. 83.) That same day, the plaintiff filed a Second Motion for a Protective Order (ECF No. 84.) and two Affidavits (ECF Nos. 86 and 88.), citing more specific details concerning his financial position and the hardship that would result from being required to travel to Charleston to give his deposition.

---

[2] On September 27, 2012, United States Magistrate Judge Mary E. Stanley granted a previous Motion for Protective Order (ECF No. 25.) concerning a prior attempt to schedule the plaintiff's deposition and stayed discovery in this matter pending the resolution of the defendants' then pending Motion to Dismiss concerning the plaintiff's initial Complaint (ECF No. 15.) The stay on discovery was lifted with the entry of the undersigned's Order and Notice (ECF No. 44.) on April 23, 2013.

The defendants' present motion contends that the plaintiff provided no legitimate reason for failing to obey the undersigned's Order granting the defendant's Motion to Compel the Plaintiff's Deposition. The defendants assert that the plaintiff is "trying to use a strategy that finds no basis in the rule of law to cause unnecessary delay in the discovery process in this case and is prejudicing the Defendants and their ability to formulate a proper defense to the allegations." (ECF No. 87 at 4.)

### *The plaintiff's response*

On September 11, 2013, the plaintiff filed a response to the defendants' Motion to Dismiss for Failure to Prosecute (ECF No. 92.), reiterating his position concerning the significant financial and logistical burden posed by being required to travel to Charleston to give his deposition, and emphasizing his belief that the issues in this case are not so sufficiently complex that the deposition could not be accomplished in an alternative manner.

### *The defendants' reply*

On September 16, 2013, the defendants filed a reply brief in which they attempt to distinguish the cases cited by the plaintiff in his response and argue that the inability to take the plaintiff's deposition in person will prejudice them or at least diminish their ability to observe the impact of their questions and evaluate the plaintiff's non-verbal responses, as well as their ability to determine whether anyone is coaching the plaintiff's answers. (ECF No. 93.) The defendants assert that this action should be dismissed because the plaintiff failed to obey the undersigned's prior Order compelling the deposition. (*Id.*)

## ANALYSIS

### A. The defendants' Motion to Dismiss, or alternatively, Motion for Summary Judgment and the plaintiff's Motion for Summary Judgment.

One simple issue remains in this case. That is, whether Lt. Yeager and John Does 1-7 committed a civil trespass on July 1, 2011.[3] In his Memorandum Opinion entered on March 29, 2013, Judge Copenhaver found that the plaintiff had established a plausible claim that the defendant officers entered his property without lawful authority. (ECF No. 40 at 13) Accordingly, the defendants' argument that the plaintiff's Amended Complaint fails, on its face, to state a plausible claim for relief is foreclosed by that finding.

The fact that the plaintiff and his siblings were tenants in common on the date in question is undisputed. However, there appears to be a genuine issue of material fact as to what authority the defendants had to enter the property on July 1, 2011. The defendants assert that the police had actual or implied consent to enter the house, either from the plaintiff's request for them to come onto the property two days prior, or from the plaintiff's sister, and tenant in common, Gail Reid. However, there is no evidence of record to support the defendants' assertions concerning any alleged consent received from Gail Reid, or any evidence from the defendants about what authority they believed they had to enter the property and eject the plaintiff. At most, the evidence of record demonstrates that Gail Reid was standing outside the house holding her phone and laughing. (ECF No. 19 at 7, ¶ 41; ECF No. 22 at 4, ¶ 19.) This fact neither establishes

---

[3] The plaintiff appears to misapprehend the scope of the remaining claim. The presiding District Judge has dismissed any and all claims arising out of or related to the plaintiff's arrest and seizure and any alleged conversion of the plaintiff's property. Only the civil trespass claim remains.

that Gail Reid provided sufficient consent or lawful authority for the defendants to enter the property or that she did not.

The plaintiff has requested and been granted an additional 60 days to complete discovery, including his attempts to identify the seven John Doe defendants, and he has requested an opportunity to brief the issue of whether or not the allegations in his Amended Complaint are sufficient to establish a basis for federal jurisdiction on the one remaining issue in this case, civil trespass. Thus, the undersigned proposes that the presiding District Judge **FIND** that genuine issues of material fact exist and that neither party has demonstrated a right to judgment as a matter of law at this stage of the proceedings. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** both the defendants' Motion to Dismiss, or alternatively, Motion for Summary Judgment (ECF No. 66.) and the plaintiff's Motion for Summary Judgment (ECF No. 90.)

### B. The defendants' Motion to Dismiss for Failure to Prosecute.

The defendants have been attempting to schedule the plaintiff's deposition, and moved to compel the deposition in Charleston, West Virginia, despite the plaintiff's contentions that traveling to Charleston to give his deposition will result in a financial and logistical hardship for him. On August 22, 2013, the undersigned entered an Order and Notice (ECF No. 83.) granting the defendants' Motion to Compel the Plaintiff's Deposition in Charleston, West Virginia (ECF No. 53-1.) and denying, without prejudice, the defendants' Motion to Dismiss for Failure to Prosecute (ECF No. 53-2.) In the Order and Notice, the undersigned found that the defendants have a right to depose the plaintiff in person, and that, because the plaintiff had filed this lawsuit in this district, which is the location of the property that is the subject matter of his Amended

Complaint, the plaintiff is expected to participate in this litigation in this district. (ECF No. 83 at 2.) The undersigned further found that, at the time, the plaintiff had not demonstrated specific good cause to rebut that expectation. (*Id.*)

The plaintiff failed to appear for his deposition as scheduled by the defendants at their counsel's office in Charleston, West Virginia, on August 26, 2013. However, as noted above, the plaintiff filed his Second Motion for Protective Order (ECF No. 84.) on August 22, 2013, prior to the scheduled deposition date, reiterating his prior assertion that traveling from Normal, Illinois to Charleston, West Virginia to give his deposition would result in a significant financial hardship for the plaintiff, and providing specific reasons supporting a finding of hardship. Specifically, the plaintiff stated that he is presently unemployed and has less than $50 in cash on hand, which he needs to pay utilities and other necessary expenses for himself and his two minor children, for whom he is the custodial parent. The plaintiff further states that he would have to bring his two school-aged minor children with him to Charleston, as he has no other care-taker to look after them. The plaintiff further states that he cannot afford gas to drive to Charleston, or to pay for plane, train or bus tickets to travel to Charleston, or to pay for a hotel to stay in while he is in Charleston. (Affidavit of Wayne Patterson, ECF No. 86.) On August 31, 2013, the plaintiff filed a Supplemental Affidavit setting forth updated information concerning his financial circumstances and the estimated costs of traveling to attend his deposition in Charleston. (ECF No. 88.)

On August 28, 2013, the defendants filed a Motion to Dismiss for Failure to Prosecute under Rule 41(b) of the Federal Rules of Civil Procedure, based upon the fact that the plaintiff failed to attend his deposition and, thus, failed to comply with a court order. (ECF No. 87.) On September 11, 2013, the plaintiff filed a Response to the

16

defendants' Motion to Dismiss for Failure to Prosecute (ECF No. 92.), in which he, again, provided very specific financial information and logistical reasons for why traveling to Charleston, West Virginia to give his deposition would be a significant financial hardship.

The undersigned considered the arguments of the parties and found that the plaintiff has now demonstrated specific good cause to rebut the expectation that he be required to travel to Charleston, West Virginia to give his deposition. Thus, the undersigned granted the plaintiff's Second Motion for Protective Order. (ECF No. 84.) In light of these rulings, the undersigned proposes that the presiding District Judge **FIND** that a dismissal for failure to prosecute is not warranted. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the defendants' Motion to Dismiss for Failure to Prosecute Pursuant to Rule 41(b). (ECF No. 87.)

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b)(2), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Copenhaver.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to the plaintiff and counsel of record.

October 11, 2013

Dwane L. Tinsley
United States Magistrate Judge