UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**WAYNE PATTERSON,**

    Plaintiff,

v.                        CIVIL ACTION NO: 2:12-01964

**LIEUTENANT R.T. YEAGER,**
individually and in his official
capacity, South Charleston Police,
**JOHN DOE 1-7,**
individually and in their official
capacities,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending are the defendants' motion to dismiss or, in the alternative, motion for summary judgment, filed on June 17, 2013, the defendants' motion to dismiss for failure to prosecute, filed on August 28, 2013, and the plaintiff's motion for summary judgment, filed on September 9, 2013.

### I. Factual and Procedural Background

This action was previously referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission

to the court of his Proposed Findings and Recommendation ("PF&R") for disposition pursuant to 28 U.S.C. § 636.

### A.

The factual and procedural histories of this case have been thoroughly recited in a previous PF&R and opinion, and are only briefly summarized here. The pro se plaintiff, Wayne Patterson ("Patterson"), initiated this action on June 11, 2012. (See generally Pl.'s Compl.) His initial complaint arose out of a dispute over property, located at 825 Barrett Street, South Charleston, West Virginia, that is jointly owned by the plaintiff and his siblings (the "Property") who acquired title by inheritance upon their mother's death in March 2011. Patterson v. City of South Charleston ("Patterson PF&R I"), No. 12-1964, 2012 WL 7829040, at *1 (S.D. W. Va. Oct. 30, 2012), adopted by, Patterson v. City of South Charleston ("Patterson I"), No. 12-1964, 2013 WL 13337317 (S.D. W. Va. March 29, 2013).

Sometime in June 2011, the plaintiff's sister, Gail Reid, directed Danaya Reid-Steiner, Joe Steiner, the Steiner children, and Jamie Adkins to take up residence at the Property,

2

because Gail Reid was concerned that it was not being properly cared for. Patterson PF&R I, 2012 WL 7829040 at *2. On June 29, 2011, the plaintiff, along with his son, Eros, and his brother, George, visited the Property accompanied by Officer A.R. Lindell of the South Charleston Police Department. Id. The Patterson brothers evidently found the Property in disarray, and "assumed possession" of the premises. Id. At various points later that day, Danaya Reid-Steiner, Gail Reid, and Jamie Adkins all visited the Property and quarreled with the plaintiff. Id. at *3.

On July 1, 2011, defendant Robert Yeager ("Yeager") and John Does 1 through 7, who are alleged to be unidentified officers of the South Charleston Police Department, arrived at the Property and directed the Pattersons to vacate the premises, which they did. Pl.'s Am. Compl. ¶¶ 23, 51. On July 2, 2011, Jamie Adkins gave a written statement to Officer T.A. Bailes of the South Charleston Police, in which she alleged that the plaintiff had pushed her at some point during the tumultuous afternoon of June 29, 2011. Patterson PF&R I, 2012 WL 7829040 at *3. Officer Bailes charged the plaintiff with battery, Kanawha County Magistrate Pete Lopez found the charge supported by probable cause, and a warrant for Patterson's arrest was issued. Id. at *3-4. The plaintiff was arrested on July 2,

3

2011, and subsequently released on bond.  Id.  In the ensuing days, Gail Reid provided the police with additional information about the events of June 29, 2011 which caused Officer Lindell to lodge a charge for domestic battery against the plaintiff on July 7, 2011.  Id. at *4-5.  Kanawha County Magistrate Traci C. Strickland thereafter issued a warrant for Patterson's arrest on that charge on August 10, 2011.  Id. at *5.  On September 7, 2011, when the plaintiff appeared for trial on the original battery charge, he was arrested on the domestic battery charge. Id.

In his initial complaint, the plaintiff alleged that the arrests were unconstitutional and in violation of his civil rights, and asserted a number of claims against individual police officers and the City of South Charleston.  Pl.'s Compl. ¶¶ 59-72.  Pursuant to standing order, the pro se proceedings were referred to United States Magistrate Judge Mary E. Stanley. On October 30, 2012, Judge Stanley recommended that the court dismiss Patterson's complaint.  Patterson PF&R I, 2012 WL 7829040 at *7-11.  Shortly thereafter, on November 5, 2012, the plaintiff moved to amend his complaint, alleging, among other things, that entry onto the Property on July 1, 2011 by the defendant Yeager and the John Does constituted an actionable

4

trespass. Patterson also filed objections to Judge Stanley's PF&R.

In a memorandum opinion and order dated March 29, 2013, the court adopted Judge Stanley's recommendation, and dismissed the claims set forth in Patterson's initial complaint in their entirety. Patterson I, 2013 WL 13337317 at *3, 5. However, the court permitted Patterson to amend his complaint to state a trespass claim against defendant Yeager and the John Does,[1] and ordered the action to proceed on the basis of that claim alone. Id. at *4-5. As noted, the matter was then referred to Judge Tinsley.

B.

The amended complaint alleges that, "[o]n or about July 1, 2011, [Lieutenant Yeager and the John Does], forcibly, maliciously, unlawfully, and without legal authority trespassed upon [Patterson's] property in violation of the 4th and 14th

---

[1] The court did not permit Patterson to assert the trespass claim against the City of South Charleston. Patterson I, 2013 WL at *4 n. 7 ("[T]he plaintiff is prohibited from asserting trespass as a cause of action against the City of South Charleston.").

5

Amendments of the United States Constitution, the West Virginia Constitution, West Virginia statute and West Virginia common law." See Pl.'s Am. Compl. ¶¶ 167, 230, 251, 272, 293, 314, 335, 356.

In its March 29, 2013 opinion, the court found it undisputed that Patterson shared the Property as a tenant in common with his siblings, and therefore had "a clearly defined right to possess the property as a whole." Patterson I, 2013 WL 13337317 at *4 (citing Eagle Gas Co. v. Doran & Assocs., Inc., 387 S.E.2d 99, 103 (W. Va. 1989)). In light of the fact that the defendants had, to that point, suggested no legal basis for entering the Property or ejecting Patterson, the court concluded that the plaintiff had "established a plausible claim that the defendant officers entered his property without lawful authority." Id.

On June 17, 2013, the defendants moved to dismiss the amended complaint. Alternatively, they requested that summary judgment be entered in their favor, arguing either that they had consent to enter the Property, or that they are shielded from liability for any alleged trespass by the doctrine of qualified immunity. On September 9, 2013, Patterson filed his own motion for summary judgment, arguing that the defendants have admitted

6

that they entered onto the Property without Patterson's consent. In the interval between the cross-motions for summary judgment, on August 28, 2013, the defendants once again moved to dismiss the amended complaint, this time on the basis of the plaintiff's alleged failure to prosecute.  They argue that the plaintiff's failure to attend his scheduled, court-ordered, deposition is grounds for dismissal, pursuant to Federal Rule of Civil Procedure 41(b).

On October 11, 2013, the magistrate judge filed his PF&R recommending that all of the pending motions be denied. Proposed Finding and Recommendations ("PF&R) at 14-17. Specifically, Judge Tinsley recommended that the defendants' motion to dismiss the complaint as a matter of law be denied because this court had already concluded that Patterson's amended complaint stated a claim for trespass that was plausible on its face.  PF&R at 14.  He further recommended that the cross motions for summary judgment be denied without prejudice as premature because discovery was ongoing, and because a genuine issue of material fact regarding whether the defendants had actual or implied authority to enter the property on July 1, 2011 remained unresolved.[2]  PF&R at 2, 14-15.  Finally, Judge

---

[2] In recommending that the cross-motions be denied as premature, the magistrate judge expressed no opinion on the defendants'

7

Tinsley recommended that the motion to dismiss for failure to prosecute should be denied because Patterson had shown good cause for his failure to attend his deposition. PF&R at 15-17.

The plaintiff filed objections to the PF&R on October 30, 2013.[3] The defendants have not objected.

II. Analysis

When objections are raised to findings and recommendations proposed by a magistrate judge, the supervising district court must conduct a de novo review. 28 U.S.C. § 636(b)(1). Review, however, may be limited to "those portions of the report or specified proposed findings . . . to which objection is made." Id.; United States v. Midgette, 478 F.3d

---

qualified immunity argument, opting instead to allow the parties to engage in additional discovery. PF&R at 2, 15. Given that Judge Tinsley did not specifically address the question of qualified immunity, and in light of the fact that the defendants have not objected to the PF&R, the court does not consider the issue at this time.

[3] Recognizing that the objections had not been timely filed, the plaintiff moved for an extension of the objections period on November 4, 2013. In an order dated November 12, 2013, the court granted the motion and deemed plaintiff's objections timely.

8

616, 621 (4th Cir. 2007) ("Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized[.]").

Patterson's objections are somewhat difficult to comprehend.

One section of his filing, labeled "Objections to Recommended Decision," contains four numbered paragraphs that do not appear to object to any particular legal determination made by the magistrate judge, but rather dispute the manner in which Patterson's claims and factual pleadings are characterized in the PF&R.  Pl.'s Objections to the Findings and Recommendations of Magistrate Judge Tinsley ("Pl.'s Objections") at 3-4.  For example, the first objection states that the PF&R failed to recount Patterson's allegations that defendant Yeager "threatened[,] intimidated[,] and warned Patterson" not to return to the Property, and further "threatened to pepper spray" Patterson.  Id. at 3.  Second, Patterson objects, along similar lines, that the PF&R did not describe the defendants as "acting under color of state law" when they entered the property on July 1, 2011.  Id.  The third "objection" is not an objection at all,

9

but simply a statement that "Patterson . . . had a good faith reason to believe defendants were in fact police officers representing the City of South Charleston[.]"  Id. at 4.  Fourth, Patterson complains that the PF&R "omits that the record shows . . . that at all times relevant[,] including July 1, 2011, the City's failure to adequately train and supervise its officers . . . was a moving force behind Patterson's dispossession."  Id.

In a subsequent section, labeled "Argument," Patterson goes on to state that the defendants' conduct was "negligent and indicative of personnel not properly trained," and that "police action against Patterson could not have taken place without the direct participation and support of the city of South Charleston."  Id. at 4-5.  He then argues that the City of South Charleston is liable under 42 U.S.C. § 1983 "for willful, malicious, ill motivated, unlawful, negligent and damaging acts against Patterson while acting under color of state law."  See id. at 6-7.

Reading the "Objections" and "Argument" together, and mindful that a "document filed pro se is to be liberally construed," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted), it appears to the court

10

that Patterson principally objects to Judge Tinsley's determination that the City of South Charleston is not a party to the amended complaint, and that "[t]he only remaining claim is the civil trespass claim against defendants Yeager and John Does 1-7[.]"  PF&R at 7 n.1; see also Pl.'s Objections at 7 (arguing that the record in this case "shows unresolved factual issues regarding the City of South Charleston's libelous involvement" that "the Recommended Decision omits . . . or presumes . . . were resolved by Judge Copenhaver's March 29, 2013 Order.").

   The magistrate judge concluded that the City of South Charleston was not a party to the amended complaint for good reason: this court's March 29, 2013 opinion dismissed all claims against the City that were contained in the initial complaint, Patterson I, 2013 WL 13337317 at *5, and specifically declined to permit Patterson to amend his complaint to state a trespass claim against the City, id. at *4 n.7 ("[T]he plaintiff is prohibited from asserting trespass as a cause of action against the City of South Charleston.").  Accordingly, the plaintiff's objection is without merit.

11

III. Conclusion

Based upon the foregoing discussion, it is, accordingly, ORDERED as follows:

1. That the magistrate judge's PF&R be, and it hereby is, adopted;
2. That defendants' motion to dismiss or, in the alternative motion for summary judgment (ECF No. 66), be, and it hereby is, denied;
3. That the plaintiff's motion for summary judgment (ECF No. 90) be, and it hereby is, denied; and
4. That the defendants' motion to dismiss for failure to prosecute (ECF No. 87) be, and it hereby is, denied.

The Clerk is directed to transmit a copy of this written opinion and order to counsel of record and any unrepresented parties.

DATED: January 22, 2014

John T. Copenhaver, Jr.
United States District Judge