IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**WAYNE PATTERSON,**

    **Plaintiff,**

v.                                     Case No. 2:12-cv-01964

**LT. R.T. YEAGER and JOHN DOES 1-7,**
**individually and in their official capacities,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is the plaintiff's Rule 60(b) Motion for Relief from Summary Judgment Order (ECF No. 146). This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY

This matter is presently proceeding on the plaintiff's First Amended Complaint (ECF No. 41), on a single claim of civil trespass against Lt. R.T. Yeager and John Does 1-7. A brief review of the procedural history of this matter is in order.

On June 11, 2012, the plaintiff filed an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1) and his initial Complaint, alleging that the defendants violated his constitutional and other civil rights in connection with his arrests on July 2, 2011 and September 7, 2011. (Compl., ECF No. 2 at 1-2). On June 13, 2012, United States Magistrate Judge Mary E. Stanley granted the plaintiff's Application

to Proceed Without Prepayment of Fees and Costs and directed that summonses be issued and served upon the defendants by certified mail. (ECF No. 4). On June 29, 2012, the defendants filed an Answer to the Complaint. (ECF No. 11).

On July 2, 2012, Magistrate Judge Stanley entered a Time Frame Order directing that discovery requests be completed by November 2, 2012, and setting various deadlines for dispositive motion briefing. (ECF No. 13).

On July 23, 2012, the defendants filed a Motion to Dismiss (ECF No. 15), which attached nine exhibits, consisting of the Complaint in this matter, and various documents from the plaintiff's criminal cases in Kanawha County, including the criminal complaints, the plaintiff's arrest warrants, and the plaintiff's Pre-Trial Diversion Order. The defendants also filed a Memorandum of Law in support of their Motion to Dismiss. (ECF No. 16).

On July 27, 2012, Magistrate Judge Stanley entered an Order advising the plaintiff that the defendants' motion would be treated as a motion for summary judgment, and advising the plaintiff of his right and obligation to respond to the motion, in accordance with the holding in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). (ECF No. 17).

On August 15, 2012, the plaintiff filed his Response to the defendants' motion, attaching his own exhibits, all of which appear to overlap with the exhibits provided by the defendants. (ECF No. 18). The plaintiff also filed his own Affidavit. (ECF No. 19).

On August 24, 2012, the defendants filed a Reply, attaching one additional exhibit, which was the July 2, 2011 "West Virginia Incident/Offense Report Form" (hereinafter "police report") concerning an alleged assault and battery of Jaime Adkins on June 29, 2011. (ECF No. 20 and Ex. 1).

On August 31, 2012, a Certificate of Service was docketed for the defendant's Rule 26(a)(1) disclosures. (ECF No. 21).

On September 6, 2012, the plaintiff filed a Supplemental Affidavit, which included as exhibits documents related to the plaintiff's Kanawha County domestic battery charges. (ECF No. 22).

On September 18, 2012, the defendants filed a Notice of Deposition, intending to take the plaintiff's deposition on October 8, 2012. (ECF No. 23). On September 20, 2012, the defendants filed a Certificate of Service for their first set of interrogatories and requests for production of documents to the plaintiff. (ECF No. 24).

On September 27, 2012, the plaintiff, who lives in Normal, Illinois, filed a Motion for a Protective Order (ECF No. 25), an Affidavit (ECF No. 26), and a Memorandum of Law (ECF No. 27), asserting that he had good cause, based upon undue burden and expense, not to be required to attend a deposition in Charleston, West Virginia.

On September 27, 2012, Magistrate Judge Stanley granted the plaintiff's Motion for Protective Order, and further ordered that all deadlines in her prior July 2, 2012 Time Frame Order (ECF No. 12) be suspended, pending the resolution of the defendants' pending Motion to Dismiss (which was being treated as a Motion for Summary Judgment); thus, effectively staying all discovery in this matter.

Despite Magistrate Judge Stanley's September 27, 2012 Order, on October 2, 2012, the Clerk docketed a Certificate of Service for the plaintiff's First Set of Admissions, Interrogatories and Requests for Production of Documents to the defendants, indicating that he mailed the same to the defendants on September 28, 2012. (ECF No. 29). In all likelihood, the service of these requests and the Certificate of Service crossed in the mail with Magistrate Judge Stanley's Order.

3

On October 23, 2012, the defendants filed a Motion to Stay and for Protective Order, seeking an Order staying discovery pending the resolution of the defendants' dispositive motion. (ECF No. 30). That same date, the plaintiff filed Certificates of Service indicating that he had served responses to the defendants' Interrogatories (ECF No. 31) and that he had also served a set of Requests for Admissions, Interrogatories and Requests for Production of Documents on the City of South Charleston (ECF No. 32).

On October 24, 2012, Magistrate Judge Stanley entered an Order granting the defendants' Motion to Stay and for Protective Order and held that discovery would be stayed pending the resolution of the defendants' dispositive motion. (ECF No. 33).

On October 25, 2012, the plaintiff filed a Certificate of Service indicating that he had served responses to the defendants' Requests for Production of Documents. (ECF No. 34). Again, these responses probably crossed in the mail with Judge Stanley's October 24, 2012 Order, but were served nearly a month after Judge Stanley's first Order suspending all deadlines pending resolution of the pending dispositive motion.

On October 26, 2012, the plaintiff filed an Affidavit of George Patterson, his brother. (ECF No. 35).

On October 30, 2012, Magistrate Judge Stanley submitted a document entitled "Proposed Findings and Recommendation" (hereinafter "10/30/12 PF&R") (ECF No. 36), recommending that the defendants' dispositive motion be granted and this action stricken from the court's docket.

On November 5, 2012, the plaintiff filed a consolidated Motion and Memorandum of Law in support of Leave to Amend Complaint, and attached a proposed First Amended Complaint and Demand for Jury Trial. (ECF No. 37). On

November 15, 2012, the defendants filed a Response in Opposition to the plaintiff's Motion to Leave to Amend. (ECF No. 38).

On November 16, 2012, the plaintiff filed Objections to the Proposed Findings and Recommendation. (ECF No. 39).

On March 29, 2013, Judge Copenhaver entered a Memorandum Opinion and Order (ECF No. 40) in which he adopted Magistrate Judge Stanley's 10/30/12 PF&R and granted the defendants' Motion to Dismiss (ECF No. 15), which was treated as a Motion for Summary Judgment. Judge Copenhaver's Memorandum Opinion and Order also addressed the claims set forth in the plaintiff's proposed First Amended Complaint (ECF No. 37, Attach. 1), and found that all of the claims contained therein, except for a claim of civil trespass, failed to state a claim upon which relief can be granted and, therefore, amendment of the Complaint to add those claims would be futile. Thus, his Memorandum Opinion and Order dismissed all of the claims against the City of South Charleston, Officer T.A. Bailes, and Officer A.R. Lindell, but granted the Motion for Leave to Amend to permit the plaintiff to pursue only the civil trespass claim against Lt. R.T. Yeager and seven John Doe defendants.

On March 29, 2013, the Clerk docketed the plaintiff's First Amended Complaint and Demand for Jury Trial. (ECF No. 41). On April 18, 2013, the defendants filed an Answer to the First Amended Complaint. (ECF No. 42).

On March 31, 2013, Magistrate Judge Stanley retired. On April 23, 2013, this matter was transferred to the undersigned United States Magistrate Judge for additional proceedings pursuant to 28 U.S.C. § 636(b)(1)(B). That same date, the undersigned entered an Order and Notice (ECF No. 44), which lifted the stay on discovery and set a time frame for discovery and dispositive motions.

On April 29, 2013, the defendants filed Certificates of Service indicating that they had served responses to the plaintiff's first set of discovery requests, which had been served prior to the stay of discovery. (ECF Nos. 45-52).

The undersigned finds it unnecessary to re-address the details of the extensive filings concerning the dispute over the logistics of the plaintiff's deposition, the disputes over the discovery requests served on the defendants by the plaintiff, or the parties' attempts to file prior dispositive motions, which have been denied. However, the undersigned notes that, on October 1, 2013, the undersigned conducted a status conference with the parties, with the plaintiff participating by telephone, during which all of those issues were addressed. Following the status conference, on October 10, 2013, the undersigned entered an Order which, *inter alia*, extended the discovery deadline to December 10, 2013. (ECF No. 105).

On October 18, 2013, the undersigned entered another Order (ECF No. 107), which addressed all of the pending motions to compel discovery filed at that time. The undersigned addressed specific discovery requests made by the plaintiff to defendant Yeager, and ordered that defendant Yeager supplement his prior responses with certain categories of information as specified in the Order. The undersigned also denied the plaintiff's motions to compel concerning the seven John Doe defendants, finding that, unless and until the plaintiff was able to identify those individuals, discovery could not be compelled from them.

On November 1, 2013, a Certificate of Service was filed indicating that defendant Yeager had served supplemental responses to the plaintiff's first set of discovery requests, in accordance with the undersigned's October 18, 2013 Order. (ECF No. 111). It is in these supplemental responses that the undersigned believes defendant Yeager

produced, for the first time, an undated letter addressed "To whom it may concern," which is authored by Jaime Adkins, one of the persons involved in the altercation over the possession of a house located at 825 Barrett Street in South Charleston, West Virginia, on June 29, 2011 and July 1, 2011, and the alleged victim of the plaintiff's battery charge (hereinafter "the Adkins Letter").

On March 4, 2014, the plaintiff filed his consolidated Rule 60(b) motion and Memorandum of Law in support thereof (ECF No. 146). On March 14, 2014, the defendants filed a Response in Opposition to the Rule 60(b) motion. (ECF No. 148). On March 27, 2014, the plaintiff filed a Reply. (ECF No. 149).

On September 15, 2014, the plaintiff filed a Motion for Leave to Amend First Amended Complaint (ECF No. 153), which includes his proposed "Revised Second Amended Complaint and Demand for Jury Trial," which is 195 pages in length, with 31 exhibits (*Id.*, Attachs. 1-34). On September 30, 2014, the defendants filed a Response in Opposition to the Motion for Leave to Amend (ECF No. 155). On November 4, 2014, the plaintiff filed his Reply concerning the Motion for Leave to Amend. (ECF No. 157).

The Adkins Letter (and the timing of the disclosure of the same) is the basis for the plaintiff's pending Motion for Relief from Judgment under Rule 60(b) (ECF No. 146), and also serves as a partial basis for the plaintiff's Motion for Leave to Amend First Amended Complaint (ECF No. 153), which will be separately addressed. The Rule 60(b) motion is ripe for adjudication will be the sole subject of this Proposed Findings and Recommendation.

## ANALYSIS

Rule 60(b), Federal Rules of Civil Procedure, reads, in pertinent part, as follows:

> **(b) Grounds for Relief from a Final Judgment, Order or Proceeding.** On motion and just terms, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A motion under Rule 60(b) is addressed to the sound discretion of the district court. *Central Operating Co. v. Utility Workers of Am.*, 491 F.2d 245, 252 (4th Cir. 1974); *Consol. Masonry & Fireproofing v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967). The plaintiff's Rule 60(b) motion is brought under subsections (2), (3) and (6).

### *The plaintiff's Rule 60(b) motion*

The plaintiff asserts that the Adkins Letter contains information that would support plausible claims of false arrest, malicious prosecution, abuse of process, denial of equal protection, deprivation of rights pursuant to 42 U.S.C. § 1983, and conspiracy to interfere with civil rights pursuant to 42 U.S.C. § 1985. As noted above, these claims were dismissed on summary judgment in a Memorandum Opinion and Order entered by Judge Copenhaver on March 29, 2013. The Memorandum Opinion and Order also denied the plaintiff leave to amend to raise claims of conversion and fraud.[1] As a result of Judge Copenhaver's Order, the City of South Charleston, Officer T.A. Bailes and

---

[1] The plaintiff was permitted to amend his Complaint to pursue a civil trespass claim (with allegations that such trespass also violated his Fourth and Fourteenth Amendment rights). (ECF No. 40 at 12-14) That claim is still being litigated.

8

Officer A.R. Lindell were dismissed as defendants in this action, which is now proceeding only against Lt. R.T. Yeager and seven John Doe Officers on the civil trespass claim.

The plaintiff first alleges fraud or misconduct by the defendants in the failure to produce the Adkins Letter prior to Judge Copenhaver's rulings in his March 29, 2013 Memorandum Opinion and Order, and contends that such fraud or misconduct is sufficient to relieve him of such summary judgment under Rule 60(b)(3). A moving party must establish three factors to prevail on a Rule 60(b)(3) motion:

> (1) the moving party must have a meritorious defense; (2) the moving party <u>must prove misconduct by clear and convincing evidence</u>; and (3) the misconduct prevented the moving party from fully and fairly presenting its case.

*Square Constr. Co. v. Washington Metro. Area Transit Auth.*, 657 F,2s 68, 71 (4th Cir. 1981); *Schultz v. Butcher*, 24 F.3d 626, 630 (4th Cir. 1994) (emphasis added); *see also Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 454 (8th Cir. 2008) Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances. *See Dronsejko v. Thornton*, 632 F.3d 658, 664 (10th Cir. 2011).

The plaintiff's motion/memorandum first contends that the "defendants' deliberate concealment of the Adkins Letter is material" and "the defendants' fraud prevented Patterson from persuading the court of existing facts necessary to support Patterson's claims that defendants' July 1, 2011 and July 2, 2011 actions were racially motivated and tortuous [sic; tortious]." (ECF No. 146 at 5). The plaintiff further asserts that "Patterson's affidavits, pleadings, the Adkins Letter and the record collectively show by clear and convincing evidence that Lt. Yeager engaged in fraud and other misconduct and that conduct prevented Patterson from fully and fairly presenting his case." (*Id.*)

9

The plaintiff's motion further contends that the substance of the Adkins Letter is newly discovered evidence that should entitle him to relief from judgment under Rule 60(b)(2). As noted by the plaintiff, in order to prevail on a Rule 60(b)(2) claim, he must show: "(1) that the evidence was discovered after trial; (2) due diligence was exercised to discover the evidence; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence is such that a new trial would probably produce a different result." *Schwieger v. Farm Bureau Ins. Co. of Neb.*, 207 F.3d 480, 487 (8th Cir. 2000). (ECF No. 146 at 7). A party seeking relief under Rule 60(b)(2) "must show that the missing evidence was 'of such a material and controlling nature as [would] probably [have] change[d] the outcome." *Schultz, supra*, 24 F.3d at 631 (quoting *Anderson v. Cryovac, Inc.*, 862 F.2d 910, 924 n. 10 (1st Cir. 1988)).

The plaintiff contends that the Adkins Letter, which was disclosed to him after the entry of Judge Copenhaver's March 29, 2013 Memorandum Opinion and Order, "is material and gives a witness account. Had the court properly considered the Adkins Letter, there would likely have been a different result." (*Id.*)

In particular, the plaintiff asserts that the Adkins Letter supports his dismissed conspiracy claim. His Rule 60(b) motion/memorandum states:

> The Adkins letter (p. 4) discussed a July 2, 2011 meeting between Adkins, Lt. Yeager and Officer Bailes [and] states in pertinent part as follows: ". . . they both agreed that they had to do something for us . . ." ". . . Lt. Yeager went on to state that he had been talking to his sister, who is a magistrate . . ." On or about July 1, 2011 and July 2, 2011, Officer Bailes, Judge Yeager, Lt. Yeager and others talked, had a meeting of the minds, conspired and "agreed" to arrest Patterson, in violation of the constitution and without proper cause. On July 2, 2011, Lt. Yeager and Officer Bailes promised to "do something" for Adkins. On July 2, 2011, Lt. Yeager, Officer Bailes and others took action in furtherance of the conspiracy and arrested Patterson.

10

> In order to state a claim for civil conspiracy under § 1983, a party must allege "that the Defendants acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in plaintiff's deprivation of a constitutional right." *Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996). Patterson must therefore allege "three elements" to state a claim for a § 1983 conspiracy. The three elements are (1) agreement between at least two parties, (2) an overt act in furtherance of the conspiracy, and (3) a constitutional right that was violated as a proximate result of the conspiracy." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999). Patterson has pleaded sufficient facts on all three elements. *See Jordan v. Alternative Res. Corp.*, 458 F.3d 332, 344-45 (4th Cir. 2006).

(ECF No. 146 at 5-6). His motion/memorandum further asserts:

> Referring to a meeting on July 2, 2011, Adkins letter (p. 4) states: "Officer Bailes then decided he would have me write a separate statement about being pushed . . ." Later on July 2, 2011, Officer Bailes went before a magistrate judge, swore to what he knows was a false claim, got a warrant based on the false statement he had asked Adkins to write, and acted as a police officer to arrest Patterson that same afternoon. Patterson was arraigned before Judge Yeager on Officer Bailes' phony criminal charge of assaulting Adkins. On July 2, 2011, when Patterson was arrested, Lt. Yeager, Officer Bailes, Officer Lindell and Judge Yeager knew and agreed to the bogus police action. They were all in on it.

(*Id.* at 6). The plaintiff further makes a conclusory assertion that the Adkins Letter demonstrates that the City of South Charleston was not properly supervising Lt. Yeager and Officer Bailes. (*Id.*)

The plaintiff further asserts that he may also be entitled to relief under Rule 60(b)(6) which states that relief from judgment may be granted for "any other reason justifying relief from the operation of the judgment." (*Id.* at 7).

### *The defendants' Response*

The defendants' Response to the plaintiff's Rule 60(b) motion contends that the plaintiff is not entitled to relief from judgment under Rule 60(b) for several reasons. First, because discovery was stayed before the defendants were required to respond to the plaintiff's discovery requests, the defendants assert that they had no duty to produce

11

any documents, including the Adkins Letter until after Judge Copenhaver ruled on the dispositive motion and, thus, they did not fraudulently conceal the Adkins Letter or engage in any other fraud or misconduct in relation to the plaintiff's case. (ECF No. 148 at 1-2). Their Response further states:

> Plaintiff would have the Court believe that between the time of the filing of his Complaint and the dismissal of the same, "Defendants and Defendants' Counsel knew the contents of the Adkins Letter on and before June 15, 2012, defendants concealed that letter from [Plaintiff] and the court." This is plainly not so. Defendants moved to dismiss the action on the basis that the Complaint did not assert any viable claim, the Court then ordered that no written discovery need be exchanged pending Defendants' dispositive motion, and ultimately the Court agreed that – even in the absence of any written discovery – the Complaint should be dismissed.

(*Id.* at 2).

The defendants' Response further asserts that, when subsequently required to respond to the plaintiff's first set of discovery requests, after Judge Copenhaver had ruled on the dispositive motion, "Lieutenant Yeager provided appropriate responses and objected where he believed he was entitled." (*Id.* at 3). When Lt. Yeager was ordered by the court to supplement his discovery responses, he promptly produced documents that included the Adkins Letter. The defendants assert that "Lieutenant Yeager's responsiveness suggests cooperation, not concealment." (*Id.* at 3). Thus, the defendants assert that the plaintiff has failed to show that the defendants committed fraud in obtaining the rulings in Judge Copenhaver's March 29, 2013 Memorandum Opinion and Order, and that Rule 60(b) relief on that basis should be denied. (*Id.*)

Concerning the plaintiff's contention that the Adkins Letter constitutes newly discovered evidence that should relieve him from the prior judgment, the defendants' Response asserts:

> To the extent that this rule pertains to any judgment [as opposed to only a judgment following a trial, which is implied by the language of the rule], Plaintiff effectively argues that, had he, and the Court, known of the existence of the Adkins Letter at the time Defendants filed their original Motion to Dismiss, the Court would not have gone on to dismiss Plaintiff's original complaint or deny Plaintiff's motion to amend his complaint (except for the civil trespass claim). However, Plaintiff fails to acknowledge that the Court stayed discovery pending Defendants' dispositive motion, and ultimately determined that the original complaint and the proposed amended complaint were, by themselves, insufficient and devoid of any viable claims.

(ECF No. 148 at 4). The defendants further assert that the plaintiff possessed the Adkins Letter well before the close of discovery on his civil trespass claim, and has been able to use it to the full extent deemed necessary by the court.[2] (*Id.*) Accordingly, the defendants assert that there is no basis to grant the plaintiff's motion under either Rule 60(b)(2) or 60(b)(6).

### *The plaintiff's Reply*

On March 27, 2014, the plaintiff filed a Reply concerning his Rule 60(b) motion. (ECF No. 149). His Reply asserts that "the Adkins Letter sketches a clear picture of a corrupt, conniving group of SC police supervisors and officers in action." (*Id.* at 1). He further contends that:

> [the] Adkins Letter shows that the criminal charges against Patterson are false and were simply a decision by Lt. Yeager, Kanawha County Magistrate Judge Julie Yeager ("Judge Yeager"), Officer Bailes and other to 'do something' for Jaime Adkins. The Adkins letter shows Lt. Yeager, Judge Yeager, Officer Bailes and others' blatent disregard for Patterson's rights and the laws they all swore to uphold, when they attacked Patterson without cause.

---

[2] The defendants' Response also asserts that the Adkins Letter actually supports their position that the plaintiff "illegally evicted" his family from the subject property and that the defendants were thus lawfully entitled to allow the plaintiff's family to resume possession of the same. (ECF No. 148 at 5). The undersigned believes this is not the proper setting in which to argue the merits of the civil trespass or related constitutional claims, and will not further address this contention herein.

13

(*Id.* at 2).³ The plaintiff's Reply further asserts that, had the Adkins Letter been disclosed in a timely manner, he would have presented the evidence that Officer Bailes "decided he would have [Jaime Adkins] write a separate statement about being pushed at against the wall" and that Lt. Yeager and Officer Bailes "both agreed that they had to do something for [Jaime Adkins]," and that "[b]oth of the above listed disclosures would have shown Defendants' racially motivated conspiracy; and that Patterson was falsely accused and unlawfully arrested." (*Id.* at 3).

The Adkins Letter summarizes Jaime Adkins' account of the events that occurred between June 29, 2011 and July 2, 2011, in relation to a family dispute over possession of a house which was owned by four siblings as tenants in common following the intestate death of their mother. As noted by Magistrate Judge Stanley in her 10/30/12 PF&R, "[r]ather than seek appointment of an administrator of the intestate estate and division of the assets according to statute, the siblings and other relatives resorted to self-help, using law enforcement as leverage." (ECF No. 36 at 1). Jaime Adkins had been staying in the house, along with the defendants' niece, Danaya Steiner, and her husband, Joe.

In the Adkins Letter, Adkins states that, on June 29, 2011 she arrived at the house at 825 Barrett Street, and found the plaintiff, his son, and his brother inside. Adkins further states that when she and Gail Reid, the plaintiff's sister, walked into the house, the plaintiff struck her in the chest and tried to push her and a 9 ½ month old baby she was carrying out of the house. The Adkins Letter also states that the plaintiff shoved Gail Reid over a chaise in the living room. (ECF No. 146, Ex. 1 at 1). Significantly, the

---

³ The plaintiff further asserts that the Adkins Letter is "exculpatory evidence" that should have been disclosed in his criminal cases. Such a claim exceeds the scope of the instant action. Moreover, because the plaintiff entered into pre-trial diversion, the court cannot affirmatively find that the State had any duty to disclose discovery at the time or in the context of his criminal cases.

14

Adkins Letter further describes Adkins' decision to visit the South Charleston Police Department on July 2, 2011, because of threats she felt. She and Danaya Steiner ultimately gave statements to the police concerning the events that had occurred since June 29, 2011, including the incident where the plaintiff pushed her with the baby, which was found by a magistrate, who is not a defendant herein, to sufficiently state probable cause for the plaintiff's subsequent arrest for battery. (*Id.* at 4).

In light of the fact that discovery was stayed prior to the date upon which the defendants would have been required to respond to the plaintiff's first set of discovery requests, the defendants had no duty to produce any documents to the plaintiff prior to the entry of Judge Copenhaver's Memorandum Opinion and Order. Thus, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff has not demonstrated, by clear and convincing evidence, that the defendants fraudulently concealed the Adkins Letter or engaged in any sort of fraud or misconduct that would entitle the plaintiff to be relieved from the court's prior rulings in the March 29, 2013 Memorandum Opinion and Order under Rule 60(b)(3).

Furthermore, the plaintiff's claims of false arrest, malicious prosecution, abuse of process, denial of equal protection, deprivation of rights pursuant to 42 U.S.C. § 1983, and conspiracy to interfere with civil rights pursuant to 42 U.S.C. § 1985 were all dismissed based upon the presiding District Judge's findings (either in specifically ruling *de novo* on objections made by the plaintiff, or by adopting the analysis and proposed findings of Magistrate Judge Stanley) that there was probable cause for the plaintiff's arrests, and that the plaintiff had not sufficiently demonstrated that the defendants' conduct was racially motivated. Upon review of the substance of the Adkins Letter, the undersigned proposes that the presiding District Judge **FIND** that there is

nothing in the Adkins Letter that would change those findings. The undersigned does not read the facts surrounding Adkins' visits to the police department and the conduct of the defendants in the same nefarious light as the plaintiff. Moreover, the plaintiff has not demonstrated that the Adkins Letter was "of such a material and controlling nature" as to probably change Judge Copenhaver's rulings in his March 29, 2013 Memorandum Opinion and Order. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff is not entitled to relief from judgment under Rule 60(b)(2), or for any other reason under Rule 60(b)(6).

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the plaintiff's Rule 60(b) Motion for Relief From Summary Judgment Order (ECF No. 146) and leave this matter referred to the undersigned for additional proceedings.

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Copenhaver.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

March 4, 2015

Dwane L. Tinsley
United States Magistrate Judge