```
             UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                   CHARLESTON DIVISION
```

**WAYNE PATTERSON,**

      Plaintiff,

v.                              Civil Action No: 2:12-1964

**LIEUTENANT R.T. YEAGER,**
individually and in his official
capacity, South Charleston Police,
**JOHN DOE 1-7,**
individually and in their official
capacities,

      Defendants.


<u>ORDER</u>

Pending is the plaintiff's motion seeking leave to amend the first amended complaint, filed September 15, 2014. The motion was referred to Dwane L. Tinsley, United States Magistrate Judge, who submitted his Proposed Findings and Recommendation ("PF&R") on April 24, 2015. Neither the named defendant nor the plaintiff, Wayne Patterson, has objected to the PF&R, which recommends that Patterson's motion be granted in part and denied in part as noted below.

The original complaint in this case charged the City of South Charleston (the "City"), Lieutenant R.T. Yeager, Officer T.A. Bailes, Officer A.R. Lindell, and John Does 1-7 with improperly arresting the plaintiff in violation of his

constitutional rights and in derogation of the common law. On March 29, 2013, the court adopted a PF&R recommending summary judgment in the defendants' favor as to those claims, but permitted the plaintiff to proceed on the basis of an amended complaint alleging that Yeager and John Does 1-7 "trespassed upon PATTERSON'S property in violation of the 4th and 14th Amendments of the United States Constitution, the West Virginia Constitution, West Virginia statute and West Virginia common law." In addition to that relatively narrow theory of recovery, the plaintiff now seeks to amend the complaint to assert over a dozen claims against twenty-four defendants. The proffered basis for the amendments is information contained in certain materials disclosed during the discovery process.

The proposed second amended complaint spans 194 extremely cumbersome pages, to which thirty-one exhibits are attached and add another 100 pages. Nine of the plaintiff's theories of liability are repeated verbatim, in seriatim fashion, against each of the twenty-four proposed defendants, without any factual differentiation as to any particular defendant. Still other claims are presented in lettered lists with no factual elaboration whatsoever. The proposed complaint also includes several theories of recovery that have already

been adjudicated against the plaintiff or previously deemed futile.

Despite the proposed amendment's unwieldy length and format, and notwithstanding the pro se plaintiff's clear disregard for Rule 8's requirement that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), the magistrate judge has carefully and thoroughly reviewed the proposed second amended complaint and recommends that most, but not all, of the proposed amendments should be rejected as futile. Specifically, Judge Tinsley recommends that the plaintiff be allowed to amend his complaint to plead only the following: (1) causes of action against R.T. Yeager, L.S. Thomas, R.P. McFarland, and Magistrate Julie Yeager under 42 U.S.C. § 1983 for violating or conspiring to violate the plaintiff's rights under the Fourth and Fourteenth Amendment by entering the property at 825 Barrett Street on July 1, 2011 and removing the plaintiff therefrom; (2) causes of action against those same four defendants for committing "common law trespass"; and (3) a cause of action against R.T. Yeager for assault. No objection to the PF&R has been filed.

The court will adopt that recommendation, subject to the following modifications: <u>First</u>, as noted, the PF&R

3

recommends that the plaintiff be granted leave to amend the complaint to include claims against Lieutenant Yeager, L.S. Thomas, R.P. McFarland, and Magistrate Yeager under 42 U.S.C. § 1983 for violating the plaintiff's rights under the Fourth Amendment. Those claims are redundantly asserted, styled separately and alternatively as causes of action for "Violation of Unreasonable Search and Seizure" and "Violation of Reasonable Expectation of Privacy." The text of each count is, however, identical, alleging that the defendants "entered, seized and searched Patterson's house without reasonable suspicion . . . in violation of the Fourth Amendment reasonable expectation of privacy and guarantee against unreasonable searches and seizures." It is clear that the plaintiff intends to assert claims under § 1983 for violations of his Fourth Amendment rights. He need not, and may not, do so twice. Counts LI, LV, LIX, and LXIX (found at ¶¶ 306-08, 318-20, 330-32, and 360-62 of the proposed second amended complaint) are stricken as redundant. See Fed. R. Civ. P. 12(f)(1) ("The court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter.").

Second, the proposed second amended complaint alleges that Lieutenant Yeager received advice from his sister, Magistrate Julie Yeager, about the ongoing dispute over the

4

property located at 825 Barrett Street. Patterson suggests that it was only "after receiving advice from his sister" that Lieutenant Yeager, L.S. Thomas, and R.P. McFarland undertook to remove Patterson from the Barrett Street property. As the magistrate judge noted, however, a "review of the allegations contained in the proposed [s]econd [a]mended [c]omplaint and the exhibits provided therewith," reveals "that the only defendants who entered the property and removed the plaintiff on July 1, 2011 were Lt. R.T. Yeager, Sgt. L.S. Thomas and Officer R.P. McFarland." PF&R at 21. In other words, apart from the boilerplate legal conclusion that all twenty-four of the proposed defendants "entered, seized and searched Patterson's house" in violation of the Fourth Amendment, there are no factual allegations that plausibly suggest Magistrate Yeager entered the Barrett Street property on July 1, 2011. Compare, e.g., Proposed Second Am. Compl. ¶¶ 56-61 (referring to police activity logs showing Lieutenant Yeager, Thomas, and McFarland at the Barrett Street property on July 1 and alleging that "Lt. Yeager, Sgt. Thomas and Officer McFarland ejected Patterson from the premises") and ¶¶ 128, 130 (alleging that Lieutenant Yeager, Thomas, and McFarland "turn[ed] the knob [to] . . . Patterson's unlocked front door and walk[ed] into Patterson's house without knocking"), with id. ¶ 114 ("[I]t appears that on July 1, 2011, after receiving advice from his sister, Lt. Yeager then called

5

his co-conspirators" to "hatch[] a plan to dispossess and humiliate Patterson" (emphasis added)) and ¶ 122 (alleging that Magistrate Yeager "gave Lt. Yeager and the other officers the wrong advice, which appears to have directly contributed to Patterson's deprivations"). As a result, Counts XXVII, LI, and XCIX (found at ¶¶ 234-36, 306-08, and 452-55 of the proposed second amended complaint), alleging that Magistrate Yeager committed the tort of trespass or violated Patterson's Fourth Amendment rights by herself physically entering the Barrett Street property are futile. Leave to amend the complaint to include those claims against Magistrate Yeager is denied.

The court has undertaken to reform the plaintiff's proposed second amended complaint to reflect the limitations described above. Causes of action not permitted and immaterial factual pleadings related to claims deemed futile by the PF&R as modified have been removed. The reformed complaint retains the proposed second amended complaint's original pagination and paragraph numbers to the extent so preserved, but several pages consisting of stricken material have been omitted partially or in their entirety. The surviving counts have been relabeled sequentially as Counts One through Eleven rather than using Roman numerals, as explained parenthetically in the paragraph next below. Finally, Exhibit 31 -- the complaint in Lee v. City

6

of South Charleston, No. 08-289 (S.D. W. Va. May 2, 2008) -- which is irrelevant to the surviving causes of action has also been removed.

To be clear, the reformed second amended complaint now consists of the following: (1) causes of action against R.T. Yeager, L.S. Thomas, and R.P. McFarland under 42 U.S.C. § 1983 for violating the plaintiff's Fourth Amendment Rights (relabeled as Counts One, Two, and Three, and found at ¶¶ 246-48, 258-60, and 288-90 of the proposed second amended complaint); (2) causes of action against R.T. Yeager, L.S. Thomas, and R.P. McFarland for common law trespass (relabeled as Counts Four, Five, and Six, and found at ¶¶ 468-71, 484-87, and 524-27 of the proposed second amended complaint); (3) causes of action against R.T. Yeager, L.S. Thomas, R.P. McFarland, and Magistrate Julie Yeager under 42 U.S.C. § 1983 for conspiring to violate Patterson's Fourth Amendment rights (relabeled as Counts Seven, Eight, Nine, and Ten, and found at ¶¶ 619-21, 631-33, 643-45, and 673-75 of the proposed second amended complaint); (4) a cause of action against R.T. Yeager for assault (relabeled Count Eleven, and found at ¶¶ 692-694 of the proposed second amended complaint); and (5) attached Exhibits 1-30.

In light of the foregoing, the court accordingly ORDERS as follows: (1) that the PF&R of the magistrate judge be,

7

and hereby is, adopted by the court as modified above and incorporated herein; (2) that the plaintiff's motion to amend the complaint be, and hereby is, granted to the extent set forth above and otherwise denied; and (3) that the Clerk be, and hereby is, directed to docket the reformed second amended complaint, attached hereto as "Exhibit A", as the operative complaint in this action.

The plaintiff is proceeding <u>in forma pauperis</u>. Pursuant to 28 U.S.C. § 1915(d), the officers of the court shall issue and serve all process and perform all duties in such cases.

Counsel for Lieutenant Yeager has indicated that defendants L.S. Thomas and R.P. McFarland are no longer employed by the City of South Charleston Police Department, but has provided the court with the last known addresses for those defendants as set forth below. It is hereby ORDERED that the Clerk shall prepare summonses for defendants L.S. Thomas and R.P. McFarland using those last known addresses, and shall prepare a summons for Magistrate Julie Yeager using her address at the Kanawha County Magistrate Court. It is further ORDERED that these summonses and a copy of the reformed second amended complaint ("Exhibit A") shall be served upon each of these new defendants by certified mail, return receipt requested, <u>with delivery restricted to the addressee</u>.

In accordance with Rule 15(a)(3), it is hereby ORDERED that defendant R.T. Yeager's answer or other response to the reformed second amended complaint shall be made within 14 days after electronic service of this Order and the reformed second amended complaint. In accordance with Rule 12(a)(1)(A)(i), it is further ORDERED that defendants L.S. Thomas, R.P. McFarland and Magistrate Julie Yeager shall have 21 days from receipt of service of process to serve and file an answer or other response to the reformed second amended complaint.

The last known address of L.S. Thomas is 4018 Seymour Lane, Cross Lanes, West Virginia, 25313. R.P. McFarland's last known address is 5404 Doc Bailey Road, Cross Lanes, West Virginia, 25313. Should delivery at those addresses fail, the Clerk is directed to immediately make a second attempt to serve defendants Thomas and McFarland, under the conditions prescribed above, using any available alternative address.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: June 10, 2015

John T. Copenhaver, Jr.
United States District Judge

**EXHIBIT A**

EXHIBIT A