```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

**WAYNE PATTERSON**

       Plaintiff,

v.                              Civil Action No. 2:12-01964

**MAGISTRATE JULIE YEAGER**, individually;
**LIEUTENANT R.T. YEAGER**, individually
and in his official capacity;
**SERGEANT L.S. THOMAS**, individually
and in his official capacity;
**OFFICER R.P. MCFARLAND**, individually
and in his official capacity,

       Defendants.

## MEMORANDUM OPINION AND ORDER

Pending are plaintiff Wayne Patterson's fourth motion to compel discovery of defendant Lieutenant R.T. Yeager ("Lt. Yeager"), filed on Friday, October 30, 2015, and Lt. Yeager's second motion for a protective order, filed on November 2, 2015.

I.

Plaintiff conducted the deposition of Lt. Yeager telephonically on October 26, 2015. During the deposition, plaintiff asked Lt. Yeager to disclose his home address. Counsel for Lt. Yeager objected to the question and instructed his client not to answer. After some debate, plaintiff then asked, and counsel for Lt. Yeager objected to, a series of

questions seeking Lt. Yeager's previous home addresses, the addresses of his mother and father, and the addresses of his siblings.  In each instance, counsel objected and instructed Lt. Yeager not to answer.  After continuing in this fashion for several more minutes, plaintiff abruptly concluded the deposition.

In his pending motion to compel, plaintiff seeks an order "finding [that] [Lt. Yeager] and Counsel acted improper[ly], and compelling Deponent Lt. Robert Yeager to attend future depositions, to answer Plaintiff's deposition questions, [as well as] awarding Plaintiff reasonable expenses" in seeking the discovery.  Plaintiff contends that the challenged questions "were germane to the subject matter of the pending action and therefore were properly within the scope of discovery."

Because plaintiff has noticed a second deposition of Lt. Yeager, Lt. Yeager moves the court separately for a protective order prohibiting plaintiff from deposing him a second time.  Inasmuch as plaintiff has scheduled the second deposition for this date at noon, the court considers the parties' motions on an emergency basis.

II.

Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense -- including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1); see also Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 350 (1978) (information is "relevant" if it "bears on, or . . . reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case"); see also Ralston Purina Co v. McFarland, 550 F.2d 967, 973 (4th Cir. 1977) (information that is "germane to the subject matter of the pending action" is discoverable).

Generally, the party seeking to avoid discovery bears the burden of establishing good cause to grant the motion. See Fed. R. Civ. P. 26(c); see also Ayers v. Cont'l Cas. Co., 240 F.R.D. 216, 221 (N.D. W. Va. 2007) (same); Webb v. Green Tree Servicing, LLC, 283 F.R.D. 276, 278-79 (D. Md. 2012) (citing 8A Charles Alan Wright et al., Federal Practice and Procedure § 2035 (3d ed. 1998)). He must do so with specific facts, for "[b]road allegations of harm, unsubstantiated by specific

examples or articulated reasoning, do not support a good cause showing." Baron Fin. Corp. v. Natanzon, 240 F.R.D. 200, 202 (D. Md. 2006).

### A.

Federal Rule of Civil Procedure 30(c)(2) provides that a deponent may be instructed not to answer a question "when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Otherwise, the general rule is that "[a]n objection at the time of the examination . . . must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. . . ." The court takes Lt. Yeager's motion for a protective order as, in part, a Rule 30(d)(3) motion.

Here, though it was never specifically invoked during the deposition, Lt. Yeager asserts that his refusal to answer questions regarding his home address was justified by the "official information" privilege.

The official information privilege is a privilege in federal common law, though it was originally derived from provisions of New York state law in a series of cases in New York district courts. See King v. Conde, 121 F.R.D. 180, 188-89

4

(E.D.N.Y. 1988) (noting that privilege could protect disclosure of officers' home addresses "in cases involving past violence between the officers and the plaintiffs"); Unger v. Cohen, 125 F.R.D. 67, 70 (S.D.N.Y. 1989) (following King and concluding that defendant officers' home addresses should be redacted); Collens v. City of New York, 222 F.R.D. 249, 254 (S.D.N.Y. 2004) (denying motion to compel where defendant officer's home address only "marginally relevant" to plaintiff's case).  In King, the court explained that when an officer's interest in privacy and safety outweighs the plaintiff's interest in the specific piece of information sought, especially when its relevance is doubtful, non-disclosure is appropriate.  King, 121 F.R.D. at 191; see also Collens, 222 F.R.D. at 254 (protecting officer's address from disclosure even in the absence of "proof that harm would occur," based chiefly on officer's privacy interest).

  Though case law elsewhere is sparse, it appears that when plaintiffs bring federal civil rights claims against police officers and request the officers' personnel files, those files are typically made available only after information like the kind plaintiff seeks here is redacted.  See Scaife v. Boenne, 191 F.R.D. 590, 592 (N.D. Ind. 2000) (denying motion to compel that sought defendant officer's home address); Sasu v. Yoshimura, 147 F.R.D. 173, 176 (N.D. Ill. 1993) (making access

5

to police officer's personnel files contingent upon the redaction of personal information about officer and his family); Johnson v. City of Philadelphia, 1994 WL 612785 (E.D. Pa. 1994) (home addresses of defendant officers redacted before personnel file handed over to plaintiff).

On the other hand, disclosure of home addresses has been required when the harm risked, or the privacy interest claimed, was only "hypothetical" or "uncertain." See, e.g., Hartman v. American Red Cross, 2010 WL 1882002, * 1 (C.D. Ill. May 11, 2010). In Hartman, a labor employment case, the defendant employer sought to avoid disclosure of non-party employees' home addresses. The defendant was concerned that opposing counsel might contact employees directly without going through counsel. The court, however, concluded that this hypothetical concern "d[id] not justify unilateral disregard for the disclosures mandated by Rule 26(a)." In the absence of less "perfunctory and undeveloped" reasons non-disclosure, the court granted the plaintiff's motion to compel.

Here, counsel for Lt. Yeager objected on the grounds that Lt. Yeager "is a police officer" and "giv[ing] out the home addresses of police officers . . . places them in a precarious position. . . ." Plaintiff conceded that "I don't even know how it's germane," and admitted that "I'm not saying it's

6

relevant[,]" but was emphatic that "I'm entitled to it."  When pressed, plaintiff eventually explained that, "geographically I think that there's a possibility that, you know, we can probably establish some kind of a -- a link maybe between some of the -- the defendants -- or some of the parties."  This justification does not outweigh Lt. Yeager's proffered basis for avoiding disclosure.

   Moreover, Rule 26 limits discovery to "relevant" matters; though the evidence sought need not be admissible at trial, it must be reasonably calculated to lead to the discovery of admissible evidence.  Fed. R. Civ. P. 26(b)(1).  There is little basis for believing that the information sought here would lead to the discovery of admissible evidence relevant to plaintiff's claims.

   Federal Rule of Civil Procedure 26(b)(2)(C) vests the court with the discretion to "limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: . . . (iii) the burden or expense of the proposed discovery outweighs its likely benefit. . . ."  To the extent that plaintiff's motion seeks to compel disclosure of the home addresses of Lt. Yeager's parents and siblings, and in the absence of any proposed relevant connection between the allegations in plaintiff's complaint and the information so

7

sought, the request is denied.  Plaintiff was unable to provide any justification for discovery of this information, remarking only that he was "entitled to discover evidence."  While it is not clear that such information is protected by the "official information" (or any other) privilege, the burden of the proposed discovery on the privacy interests of Lt. Yeager's parents and siblings outweighs its likely benefit to plaintiff's case.  Plaintiff's proffered justification is thus insufficient to outweigh Lt. Yeager's interest in his own privacy or that of his family.

B.

Plaintiff requests that the court order Lt. Yeager to make himself available for a second deposition.  Plaintiff maintains that counsel's instructions to Lt. Yeager "not to answer the question [regarding Lt. Yeager's address] summarily halt[ed] the inquiry."

Federal Rule of Civil Procedure 30(a)(1) states that "[a] party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). . . ."  Rule 30(a)(2) in turn provides that "[a] party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2): (A) if the parties have not stipulated to the deposition and: . . . (ii) the

deponent has already been deposed in the case[.]" Cf. Ralston Purina Co. v. McFarland, 550 F.2d 967 (4th Cir. 1977) (motion to compel discovery granted where counsel for party seeking to avoid discovery instructed client to categorically refuse to answer any question related to claims at issue during deposition).

Many district courts simply follow the directive of Rule 30(a)(2) by considering the principles set out in Rule 26(b)(2) in deciding whether they must grant leave. See, e.g., Collins v. Int'l Dairy Queen, 189 F.R.D. 496, 498 (M.D. Ga. 1999); Hurley v. JARC Builders, 164 F.R.D. 39, 40 (E.D. Pa. 1995); Keck v. Union Bank of Switzerland, 1997 WL 411931, at *1 (S.D.N.Y. July 22, 1997). Rule 26(b)(2) bestows on a court the authority to limit discovery if it is: (1) unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome or less expensive; (2) the person seeking the discovery has had ample opportunity already to obtain the same information; or (3) the burden or expense of taking the discovery outweighs its likely benefit. See Ganci v. U.S. Limousine Serv., Ltd., 2011 WL 4407461, at *2 (E.D.N.Y. September 21, 2011) (collecting cases) (citations omitted). Courts have reopened a deposition "where a witness was inhibited from providing full information at the

9

first deposition" or "where new information comes to light triggering questions that the discovering party would not have thought to ask at the first deposition." Keck, 1997 WL 411931, at *1 (citations omitted).

Here, it is evident from the deposition transcript that plaintiff voluntarily and unilaterally concluded the deposition of Lt. Yeager. Though Lt. Yeager, upon his counsel's recommendation, refused to answer questions pertaining to his home address or those of his family, nothing indicates that Lt. Yeager refused point blank to answer any questions at all. Neither is there any indication that he (or his counsel) directly interfered in the deposition as a whole. Plaintiff had an opportunity to follow other lines on inquiry with Lt. Yeager. However, he instead chose to end the deposition.

Nevertheless, the court is mindful that plaintiff, as a pro se litigant, is entitled to a greater degree of liberality at this stage of the case. The court thus concludes that the plaintiff be permitted to proceed with the deposition to proceed with the deposition of Lt. Yeager, which the court understands to be scheduled for this day at 12:00 p.m. EST. Inasmuch as plaintiff chose, without justification, not to complete the deposition of Lieutenant Yeager in the first instance, the court denies plaintiff's request to assess costs.

III.

In light of the foregoing, it is ORDERED that plaintiff's motion to compel Lt. Yeager to disclose his home address or the home addresses of his parents and siblings be, and it hereby is, denied. Lt. Yeager's motion for a protective order is granted to the same extent. It is further ORDERED that plaintiff's motion for leave to conduct a second deposition of Lt. Yeager be, and it hereby is, granted. Lt. Yeager's motion for a protective order is denied to the same extent.

Because sanctions are only available under Federal Rule of Civil Procedure 37(a) to a party who substantially prevails on a motion to compel discovery, it is further ORDERED that plaintiff's motion to impose costs upon Lt. Yeager be, and it hereby is, denied.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: November 3, 2015

John T. Copenhaver, Jr.
United States District Judge

11