UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


WAYNE PATTERSON

        Plaintiff,

v.                                      Civil Action No. 2:12-01964

MAGISTRATE JULIE YEAGER, individually;
LIEUTENANT R.T. YEAGER, individually
and in his official capacity;
SERGEANT L.S. THOMAS, individually
and in his official capacity;
OFFICER R.P. MCFARLAND, individually
and in his official capacity,

        Defendants.


MEMORANDUM OPINION AND ORDER


        Pending are plaintiff Wayne Patterson's third motion

to compel discovery of defendant Magistrate Julie Yeager, filed

on Friday, October 30, 2015, plaintiff's third supplemental

motion to compel discovery of Magistrate Yeager, filed on

November 3, 2015, and Magistrate Yeager's second motion for a

protective order, filed on November 2, 2015.


I.


        On October 13, 2015, plaintiff filed a notice of

deposition seeking to depose Magistrate Yeager on October 23,

2015.  In response, Magistrate Yeager filed a motion for a

protective order, in which she asserted the deliberative process

privilege.  On October 16, 2015, the court convened a telephonic conference, attended by plaintiff, appearing pro se, and counsel for the defendants.  During the conference, it was determined that the deposition of Magistrate Yeager would be allowed.  The scope of the deposition was limited to matters pertaining to the alleged conspiracy between Magistrate Yeager, co-defendant Lieutenant Yeager, and the other defendants in this case.  The court explained that any line of questioning into privileged areas would be subject to objection.

Plaintiff conducted the deposition of Magistrate Yeager telephonically on the scheduled date.  During the deposition, plaintiff asked a series of questions related to whether Magistrate Yeager "agreed with [the constitutionality of] her brother dispossessing Plaintiff from [his] house on July 1, 2011."  On each occasion, counsel for Magistrate Yeager objected, asserting the "deliberative process" privilege, and instructed his client not to answer.

In his pending motion, plaintiff contends that the questions "were germane to the subject matter of the pending action," that the "questions should have been answered," and that counsel's objections "fatally frustrated Plaintiff's opportunity to examine [Magistrate Yeager]."  Magistrate Yeager

maintains that the questions intruded into areas protected by the deliberative process privilege.

Because plaintiff has noticed another deposition, Magistrate Yeager moves the court for a protective order prohibiting plaintiff from deposing her a second time.  Inasmuch as plaintiff has scheduled the second deposition for this date at noon, the court considers the parties' motions on an emergency basis.

## II.

Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense -- including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter."  Fed. R. Civ. P. 26(b)(1); see also Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 350 (1978) (information is "relevant" if it "bears on, or . . . reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case"); see also Ralston Purina Co v. McFarland, 550 F.2d 967, 973 (4th Cir. 1977) (information that is "germane to the subject matter of the pending action" is discoverable).

**A.**

Federal Rule of Civil Procedure 30(c)(2) provides that a deponent may be instructed not to answer a question "when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Magistrate Yeager maintains that the challenged questions intruded upon privileged areas. The court takes Magistrate Yeager's motion for a protective order as, in part, a Rule 30(d)(3) motion.

Under the judicial form of the deliberative process privilege, judicial officers "may not be compelled to testify concerning their mental processes in formulating official judgments or the reasons that motivated them in their official acts." State ex rel. Kaufman v. Zakaib, 207 W. Va. 662, 670 (2000). "'[A]ttempts to prove the thought and decision making processes of judges and administrators are generally improper.'" Id. (quoting Grant v. Shalala, 989 F.2d 1332, 1344 (3d Cir. 1993)). The privilege is not absolute, however, and does not shelter every action done by a judge. Thus, when a judge witnesses events outside of her official capacities, the judge may be compelled to testify if those events are material to some case. See Kaufman, 207 W. Va. at 671.

4

1.

The first question to which Magistrate Yeager objected
came about as follows:

> Patterson: Okay. Okay. So you discovered that he had
> removed us from the house after we came to your court
> [to be arraigned], after we had been arrested, after I
> -- my brother and I had been arrested.
>
> Yeager: Yes. That's what I remember.
>
> Patterson: Okay. Well -- okay. Your brother having
> removed me and my son from the home, based on what you
> know, did you agree with what he had done?

As noted, counsel for Magistrate Yeager objected, citing the
deliberative process privilege, and instructed his client not to
answer.

What Magistrate Yeager thought, while presiding over
plaintiff's arraignment, about earlier actions by South
Charleston police leading to plaintiff's arraignment, is a
question directed squarely at information protected by the
deliberative process privilege. According to Magistrate
Yeager's testimony during the deposition, she did not become
aware that plaintiff had been removed from his house until
plaintiff's arraignment, over which she presided. Plaintiff's
question was thus directed at Magistrate Yeager's thought
process regarding information observed during the performance of
her official duties. "[A]bsent a showing of extraordinary need,

5

a judge may not be compelled to testify about matters observed as the consequence of the performance of [her] official duties." Hensley v. Alcon Labs., Inc., 197 F. Supp. 2d 548, 550 (S.D. W. Va. 2002) (Goodwin, J.); see also Fields v. West Va. State Police, 2010 WL 2787858 (S.D. W. Va. 2010) (Goodwin, J.) (same).

In support of his motion to compel, plaintiff states that the question was "germane to the subject matter of the pending action." Plaintiff's proffered justifications do not rise to the level of an "extraordinary need."

To be sure, plaintiff is entitled to factual information pertaining to Magistrate Yeager's claimed interactions with her brother or other members of the South Charleston Police Department allegedly constituting a conspiracy. Any such interactions that were not pursuant to her official duties would be unprotected. Kaufman, 207 W. Va. at 671 ("[C]ourts will face situations where people, who happen to be judges, witness events that are material to a given case . . . . A judge might find it necessary to sue her contractor over inadequate repairs to her house. . . . [T]hese should be considered 'acts that simply happen to have been done by judges.'") (quoting Forrester v. White, 484 U.S. 219, 227 (1988)). However, Magistrate Yeager answered all such unprivileged questions, including plaintiff's questions about

his interactions with her on June 29, 2011, and about Lieutenant
Yeager's telephone call to the Magistrate Court on July 1, 2011,
while she was on duty.  Plaintiff was clearly entitled to such
information, and he received it.

2.

On the second occasion, plaintiff asked the following
pair of hypothetical questions:

> Patterson:  Okay.  Okay.  Under the Fourth Amendment,
> under the right of search and seizure, the search and
> seizure law, would your -- would a police officer have
> the right to enter a person's house, move them without
> cause?
>
> . . .
>
> Patterson:  Magistrate Yeager, if your brother and
> people that were under his command removed a person from
> their home, which would be me, who was in possession of
> that home, would that be against the Fourth Amendment?

Again, counsel for Magistrate Yeager objected to both
hypotheticals.

Plaintiff is entitled to discovery of all relevant,
nonprivileged information.  See Fed. R. Civ. P. 26(b)(1).  The
questions above, however, seek legal opinions in response to
highly abstract, hypothetical questions.  In the complaint,
plaintiff charges three members of the South Charleston Police
Department with various torts, including common law trespass,

and civil conspiracy to violate plaintiff's constitutional
rights.  A single claim of civil conspiracy is alleged against
Magistrate Yeager.  A civil conspiracy is a combination of two
or more persons, by concerted action, to accomplish an unlawful
purpose or a lawful purpose by unlawful means.  <u>See</u> Syl. Pt. 8,
<u>Dunn v. Rockwell</u>, 225 W. Va. 43 (2009).  Certainly it is true
that the police violate the Fourth Amendment's prohibition on
unreasonable seizures when they remove a person from their home
"without cause."  The information sought by the questions
reproduced above is simply a legal opinion that will not lead to
any discoverable information or admissible evidence.
Accordingly, plaintiff was not entitled to receive responses to
those questions.

B.

        Plaintiff requests that the court order Magistrate
Yeager to make herself available for a second deposition.
Plaintiff maintains that counsel's instructions to Magistrate
Yeager "not to answer the question[s set out above] impeded,
delayed, and fatally frustrated Plaintiff's opportunity to
examine [her]."

        Federal Rule of Civil Procedure 30(a)(1) states that
"[a] party may, by oral questions, depose any person, including
a party, without leave of court except as provided in Rule

8

30(a)(2). . . ."  But Rule 30(a)(2) in turn provides that "[a]
party must obtain leave of court, and the court must grant leave
to the extent consistent with Rule 26(b)(2): (A) if the parties
have not stipulated to the deposition and: . . . (ii) the
deponent has already been deposed in the case[.]"  Cf. Ralston
Purina Co. v. McFarland, 550 F.2d 967 (4th Cir. 1977) (motion to
compel discovery granted where counsel for party seeking to
avoid discovery instructed client to categorically refuse to
answer any question related to claims at issue during
deposition).

        Many district courts simply follow the directive of
Rule 30(a)(2) by considering the principles set out in Rule
26(b)(2) in deciding whether they must grant leave to reopen a
deposition. See, e.g., Collins v. Int'l Dairy Queen, 189 F.R.D.
496, 498 (M.D. Ga. 1999); Hurley v. JARC Builders, 164 F.R.D.
39, 40 (E.D. Pa. 1995); Keck v. Union Bank of Switzerland, 1997
WL 411931, at *1 (S.D.N.Y. July 22, 1997).  Rule 26(b)(2)
bestows on a court the authority to limit discovery if it is:
(1) unreasonably cumulative or duplicative or can be obtained
from some other source that is more convenient, less burdensome
or less expensive; (2) the person seeking the discovery has had
ample opportunity already to obtain the same information; or (3)
the burden or expense of taking the discovery outweighs its

likely benefit.  See Ganci v. U.S. Limousine Serv., Ltd., 2011
WL 4407461, at *2 (E.D.N.Y. September 21, 2011) (collecting
cases) (citations omitted).  Courts have reopened a deposition
"where a witness was inhibited from providing full information
at the first deposition" or "where new information comes to
light triggering questions that the discovering party would not
have thought to ask at the first deposition."  Keck, 1997 WL
411931, at *1 (citations omitted).

        Here, plaintiff has already conducted one deposition,
at which he had ample to opportunity to obtain nonprivileged
testimony from Magistrate Yeager.  He received comprehensive
answers to the questions he asked on non-privileged matters.
Indeed, the deposition transcript indicates that plaintiff
voluntarily and unilaterally ended the deposition.  Plaintiff
noted that "[w]ith th[e disputed] questions certified . . .
we'll have to conclude," adding "[t]hat concludes it for us."
In the absence of any of the factors discussed above, there is
no basis here for compelling Magistrate Yeager to appear for
another deposition.

                            III.

        In light of the foregoing, it is ORDERED that
plaintiff's motion to compel be, and it hereby is, denied in
full.  Magistrate Yeager's motion for a protective order is

                             10

granted to the same extent.  Finally, because sanctions are only available under Federal Rule of Civil Procedure 37(a) to a party who substantially prevails on a motion to compel discovery, it is further ORDERED that plaintiff's motion to impose costs upon Magistrate Yeager be, and it hereby is, denied.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: November 4, 2015


John T. Copenhaver, Jr.
United States District Judge

11