```
         UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF WEST VIRGINIA
                 AT CHARLESTON
```

WAYNE PATTERSON

       Plaintiff,

v.                                   Civil Action No. 2:12-1964

MAGISTRATE JULIE YEAGER, individually;
LIEUTENANT R.T. YEAGER, individually
and in his official capacity;
SERGEANT L.S. THOMAS, individually
and in his official capacity;
OFFICER R.P. MCFARLAND, individually
and in his official capacity,

       Defendants.


## MEMORANDUM OPINION AND ORDER

Pending is plaintiff Wayne Patterson's fifth motion to extend time for discovery, filed on November 12, 2015.

I.

In the pending motion, plaintiff asks for a ninety day extension of the November 13, 2015, discovery deadline. According to plaintiff, who resides in Illinois, he "has worked diligently to complete discovery." However, he claims that due to "[a]t least two telephonic court conferences," "various hearings, filings[,] and delays," and the actions of counsel for the defendants, he nevertheless will "need additional time[.]"

The South Charleston Police defendants -- Lieutenant R.T. Yeager, Sergeant L.S. Thompson, and Officer R.P. McFarland -- jointly filed a response in opposition on November 13, and defendant Magistrate Julie Yeager filed a separate response on November 16.  The defendants contend that plaintiff has had ample opportunity to conduct discovery, and cannot show "good cause" to further extend the discovery deadline.

Inasmuch as discovery was scheduled to close on November 13, 2015, and dispositive motions are scheduled to be filed by December 2, 2015, the court considers the pending motion on an expedited basis.

II.

A.

Federal Rule of Civil Procedure 16 provides, in relevant part, that "[a] schedul[ing order] may be modified for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4); <u>see</u> <u>also</u> Local R. Civ. P. 16.1(f)(1) (The "[t]ime limits in the scheduling order for the . . . completion of discovery . . . may be modified for good cause by order.").

In the context of Rule 16, the good cause standard examines "the diligence of the [moving] party . . . rather than simply that party's lack of bad faith or the lack of prejudice

to the opposing party." *Essential Hous. Mgmt., Inc. v. Walker*, 166 F.3d 332, 1998 WL 559349, at *4 (4th Cir. 1998) (table); see also Fed. R. Civ. P. 16(b), Advisory Committee Notes, 1983 Amendments ("The court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence" of the movant.). On the other hand, lack of diligence and carelessness are "hallmarks of failure to meet the good cause standard." *W. Va. Hous. Dev. Fund v. Ocwen Tech. Xchange, Inc.*, 200 F.R.D. 564, 567 (S.D. W. Va. 2001) (Haden, C.J.). Although other factors -- like prejudice to the non-movant -- are potentially relevant, "[i]f [the moving] party was not diligent" in the first instance, then "the inquiry should end" and the motion should be denied. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); see also *Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D. W. Va. 1995) (Haden, C.J.) (same).

B.

Plaintiff states that he "has worked diligently to complete discovery." Plaintiff's Motion ("Pl.'s Mot."), ECF No. 234, ¶ 2. In addition to "various hearings, filings[,] and delays," plaintiff blames opposing counsel for making the pending motion necessary. See id. ¶ 4; see also Plaintiff's Affidavit ("Pl.'s Aff."), ECF No. 235, ¶¶ 19-21. Specifically, he accuses opposing counsel of "refus[ing] to agree on an

available deposition date for Lt. Robert Yeager." Pl.'s Mot., ¶ 4. If given additional time for discovery, plaintiff indicates that he "fully intends to conduct depositions of [d]efendants Lt. Yeager, Sgt. Thomas[,] and Ofc. McFarland." Id. ¶ 5.

In resolving the pending motion, the recent history of this case is instructive. Plaintiff's reformed second amended complaint was docketed on June 10, 2015. ECF No. 164. Once answers were received, the court entered a revised scheduling order on July 9, 2015. ECF No. 172. That order made September 30, 2015, the deadline for completion of discovery. Id. On August 31, 2015, plaintiff moved to extend the discovery period by ninety days. ECF Nos. 175 and 176. The court granted the motion in part, extending discovery by forty-five days and modifying the remainder of the schedule accordingly. ECF No. 177. In its order, the court advised plaintiff that, "with or without counsel, [he was to] proceed promptly with the prosecution of this case." See id. at 2.

In their responses to the pending motion, the defendants assert that between July 9 and August 31 plaintiff did not attempt to conduct any depositions. See Magistrate Yeager's Memorandum in Opposition ("Mag. Yeager Mem."), ECF No. 237, at p. 7; South Charleston Police Defendants' Joint Memorandum in Opposition ("Police Mem."), ECF No. 236, at 6. In

the time between the court's September 3 order and plaintiff's filing of the pending motion, it appears that plaintiff has deposed Magistrate Yeager, Lieutenant Yeager, and (non-party) Jaime Adkins.  These depositions occurred at Realtime Reporters, located at 713 Lee Street, in Charleston, West Virginia.  <u>See</u> ECF Nos. 210 (Deposition of Jaime T. Adkins), 216 Ex. 1 (Deposition of Magistrate Yeager), and 217 Ex. 1 (Deposition of Lt. Yeager).  Plaintiff, who has remained in Illinois, appeared telephonically, whereas counsel for the defendants appeared in person on site.  <u>See</u> ECF Nos. 210, at 2, 216 Ex. 1, at 2, and 217 Ex. 1, at 2 (all showing plaintiff as appearing "via telephone" and opposing counsel as present on-site).

      Plaintiff unilaterally and prematurely ended the deposition of Lt. Yeager, not long after it began on October 26, 2015, when some of his questions were objected to and not answered.  Plaintiff then noticed, on November 2, the deposition of Lt. Yeager for 12:00 Noon on November 3 at the Realtime site.  In immediate response to the parties' opposing positions respecting the re-deposition, the court entered its order of November 3, 2015, in the morning of that day, directing Lt. Yeager, over his objection, to make himself available for the re-scheduled re-deposition.  <u>See</u> ECF No. 221.  But according to the defendants, plaintiff failed to arrange for the re-

deposition as scheduled. See Police Mem., at 5 ("Plaintiff . . . failed to secure a court reporter for the noticed deposition and the same was not held."); Mag. Yeager Mem., at 5 n. 2 ("Inexplicably, the [p]laintiff did not call in for this telephonic deposition that he had noticed for noon on November 3, 2015."). And so, the re-deposition did not take place on November 3. See Mag. Yeager Mem., at 4 n. 1; see also Police Mem. Ex. 2.

In his pending motion, filed November 12, plaintiff represents to the court that counsel for the defendants refused to make themselves or Lt. Yeager available for re-deposition before the close of discovery on November 13. See Pl.'s Mot., ¶ 4; see also Pl.'s Aff., ¶¶ 19-21. An email exchange between plaintiff and counsel for the defendants indicates that this is not so.[1]

By email on November 5, plaintiff requested counsel for the defendants to provide available dates, between November 9 and November 12, for the re-deposition of Lt. Yeager. See Pl.'s Mot. Ex. 1; Police Mem. Ex. 1. The exchanges between them

---

1  Plaintiff presented the email conversation in part, but neglected to provide several later emails exchanged between himself and counsel for the defendants. The defendant officers provide additional, later emails. Compare Pl.'s Mot. Ex. 1 with Police Mem. Ex. 2.

indicate that eventually Messrs. Ruggier (counsel for the defendant officers) and Hedges (counsel for Magistrate Yeager) agreed with plaintiff to fix the date for the re-deposition of Lt. Yeager as November 12, 2015.  See Police Mem. Ex. 1.  This agreement was apparently in vain from the start, as plaintiff failed again, for reasons unknown, to arrange for or conduct the deposition.

Those emails show that there was disagreement only about the hour when the deposition would begin on November 12.  Plaintiff demanded that the deposition start promptly at noon.  See id. Ex. 1 (Email from plaintiff to Messrs. Ruggier and Hedges).  Responding by email, Mr. Hedges requested that the deposition begin an hour later than that, due to a preexisting scheduling conflict that required his appearance for a state court hearing at 11:00 a.m.  See id. Ex. 1 (Response email from Mr. Hedges to plaintiff and Mr. Ruggier).  To accommodate the slightly later start time, Mr. Hedges offered to "stay as long as necessary that afternoon and evening to assure that there is time to finish."  Id.  Plaintiff replied only that he "need[ed]

7

to be done and packed up before 5:00 o'clock."[2]  Id. Ex. 1 (Reply email from plaintiff to Messrs. Ruggier and Hedges).

Despite all of these efforts on the part of the defendants, the re-deposition of Lt. Yeager did not occur on November 12.  Plaintiff has provided no explanation, beyond the unsupported assertion that opposing counsel refused to cooperate, see Pl.'s Mot., ¶ 4, for why he chose to forego the deposition entirely rather than delay it by one hour.[3]  In the absence of any plausible explanation, plaintiff cannot be said to have acted "diligently" with respect to the deposition of Lt. Yeager, when he was offered all he requested, save one hour.

---

[2]  It is not clear what plaintiff meant by "packed up," given that he presumably would have been appearing telephonically at this, as with every prior, deposition.

[3]  In her response to the pending motion, Magistrate Yeager states that "[i]nquiry with Realtime Reporters revealed that the [p]laintiff never made arrangements for a room or court reporter for the planned deposition . . . on November 12, 2015," either at noon or at some other hour.  Mag. Yeager Mem., at 5, 5 n. 2; see also Police Mem., at 5 ("Plaintiff did not notice the [November 12, 2015] deposition and failed to secure a court reporter[.]"). While it is not clear from the record that the November 12 re-deposition of Lt. Yeager would have taken place at Realtime Reporters as well, it has been plaintiff's practice to hold, or notice, depositions at Realtime Reporters, as he has done so in every prior instance.  See ECF Nos. 200, 201, 202, 210, 219, 220; see also Police Mem. Ex. 2 (Email from plaintiff to opposing counsel indicating that the November 3 re-deposition of Lt. Yeager would occur at Realtime Reporters).

Plaintiff likewise neglected to notice or schedule the proposed depositions of Officer McFarland or Sergeant Thomas. See Police Mem. Ex. 2. The email correspondence attached to the Police defendants' response suggests that acceptable dates were at least offered. See Police Mem. Ex. 2. But, once again, the depositions never occurred. Though plaintiff now claims that he "fully intends" to depose Officer McFarland and Sergeant Thomas, he has provided no explanation for his failure to depose them at some point in the last five months, or to follow up on the dates suggested by opposing counsel. This conduct, too, cannot seriously be described as diligent.

That plaintiff is proceeding pro se does not change this conclusion. Although pro se litigants are "generally 'entitled to a certain liberality with respect to procedural requirements,'" Bush v. Adams, 2010 WL 1253990, at *3 (E.D. Va. Mar. 24, 2010) (quoting Mount v. Book-of-the-Month Club, Inc., 555 F.2d 1108, 1112 (2d Cir. 1977)), the Supreme Court "ha[s] never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel," McNeil v. United States, 508 U.S. 106, 113 (1993). This means that "even pro se litigants are expected to comply with time requirements and other procedural rules 'without which effective judicial

9

administration would be impossible.'" Dancy v. University of N.C., 2009 WL 2424039, at *2 (W.D.N.C. Aug. 3, 2009) (quoting Ballard v. Carlson, 882 F.2d 93, 96 (4th Cir. 1989)).

Pursuant to Local Rule of Civil Procedure 16.1, the parties are free to seek a private agreement extending the discovery period, should they so choose. See L. R. Civ. P. 16.1(f)(1)-(3). The deadlines set forth in the court's September 4 scheduling order will, however, stand unmodified.

III.

For the foregoing reasons, it is ORDERED that plaintiff's fifth motion to extend the time for discovery be, and it hereby is, denied.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: November 20, 2015

John T. Copenhaver, Jr.
United States District Judge