```
           UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**WAYNE PATTERSON**

       Plaintiff,

v.                                          Civil Action No. 12-01964

**MAGISTRATE JULIE YEAGER**, individually,
**LIEUTENANT R. T. YEAGER**, individually
and in his official capacity,
**SERGEANT L. S. THOMAS**, individually
and in his official capacity, and
**OFFICER R. P. MCFARLAND**, individually
and in his official capacity,

       Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

Pending is the motion, filed by plaintiff Wayne Patterson on December 7, 2015, to reconsider the court's November 20 order denying plaintiff's fifth motion to extend discovery by ninety days.

I.

Rule 54 of the Federal Rules of Civil Procedure provides, in relevant part, that an interlocutory, non-dispositive "order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed. R. Civ. P. 54(b). The power to grant or deny reconsideration of an interlocutory order is within the court's discretion. <u>Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 12 (1983) ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge.").

II.

A.

Plaintiff first complains that the court did not have before it evidence relating to the November 3 re-deposition of Lt. Yeager. See Plaintiff's Motion to Reconsider, pp. 4-5. Specifically, plaintiff points to an email he sent to opposing counsel on November 2, 2015. Id.

As explained in the court's November 20 order, plaintiff, appearing by telephone, first deposed Lt. Yeager on October 26, 2015. After only a few minutes of questioning, plaintiff unilaterally ended the deposition. On October 28, plaintiff informed opposing counsel by email that he had scheduled another deposition of Lt. Yeager for November 3 at 12:00 noon, to be taken at Realtime Reporters in Charleston, West Virginia. On October 30, plaintiff moved to compel Lt. Yeager to appear for the second deposition. Lt. Yeager responded to plaintiff's motion, and simultaneously moved for a protective order, on November 2. The court ruled immediately on the parties' cross motions, and directed that the second deposition of Lt. Yeager was to proceed, as noticed, on November 3. See Order of November 3, 2015. Yet plaintiff failed to appear for the deposition, telephonically or otherwise, at the scheduled time and place.

2

Plaintiff's inability to explain his failure to depose Lt. Yeager on November 3 informed the court's conclusion that plaintiff had not demonstrated diligence in attempting to comply with the scheduling order.[1]  See Order of November 20, 2015, pp. 5-6 (denying plaintiff's motion to extend the time for discovery by ninety days).  Plaintiff now asserts that the court did not have before it an email sent by plaintiff to opposing counsel on November 2.  Plaintiff's Motion to Reconsider, pp. 3-4.  This is the only "new evidence," as plaintiff calls it, that he offers in support of his motion to reconsider.  The email in question reads as follows:

> Mr. Hedges and Mr. Ruggier,
>
> I am in receipt of Magistrate Yeager's pending motion for protective order.  My motions to compel and for sanctions are pending as well.  The court has not heard or ruled on any of these pending motions.
>
> Therefore I am postponing the November 3, 2015 deposition of Magistrate Yeager until such time a revised notice is served upon all parties, or until the court rules on the parties' pending motions.
>
> Contact me with any questions you may have. Thank you.
>
> Wayne Patterson

Plaintiff's Motion to Reconsider, Ex. 3.

---

[1]  The court also found no plausible explanation for plaintiff's failure to depose Lt. Yeager on November 12 or diligently attempt to schedule depositions of Sgt. Thomas and Officer McFarland.  See Order of November 20, 2015, pp. 5-9.

In the body of the pending motion, plaintiff selectively quotes the November 2 email in a way that suggests it refers to the deposition of Lt. Yeager.  See Motion, p. 1. ("I am postponing the November 3, 2015 deposition . . . court has not heard or ruled on any of these pending motions") (alteration in original).  It is apparent, however, that the email relates to the proposed second deposition of Magistrate Yeager, which plaintiff scheduled to take place at Realtime Reporters on November 4 at 12:00 noon.[2]  Plaintiff has offered no other explanation for his failure to conduct the scheduled deposition of Lt. Yeager on November 3.  Consequently, there is no new evidence that bears upon either the court's November 3 order directing the re-deposition of Lt. Yeager to proceed or the court's November 20 order denying plaintiff's motion to extend the time for discovery.

B.

Plaintiff also complains that he was not given adequate time to reply to the defendants' responses to his motion to extend the time for discovery.  Plaintiff's Motion to Reconsider, pp. 3-4.  He asserts that a manifest injustice will

---

2  In its order of November 4, 2015, the court denied plaintiff's motion to compel Magistrate Yeager to appear for the scheduled re-deposition, and simultaneously granted Magistrate Yeager's motion for a protective order.  See Order of November 4, 2015.

4

result if the court does not reconsider its November 20 ruling in light of the material attached to his motion, and originally offered in his reply filed on November 30. See id., Exs. 1-14; see also Plaintiff's Reply to Defendants' Responses in Opposition to Motion to Extend Time for Discovery, Exs. 1-10.

According to the court's revised scheduling order of September 4, 2015, when the court, acting at plaintiff's request, extended the discovery deadline for forty-five days, discovery was scheduled to close on November 13, 2015. Plaintiff filed his fifth motion to extend the time for discovery on November 12, and the defendants responded on November 13 and 16, respectively. In view of the fact that discovery had already closed by the time the defendants had responded, and given that the parties were scheduled to file motions for summary judgment by December 3, the court considered plaintiff's motion on an expedited basis, and entered an order on November 20, 2015, denying plaintiff's motion. Plaintiff's reply, as noted, was filed on November 30.

Nothing plaintiff has filed in support of the pending motion to reconsider would have had any bearing of significance on the court's order denying his request to extend the discovery period. As discussed above, plaintiff's failure to depose Lt. Yeager on November 3 remains unexplained, as does his failure to

5

depose Lt. Yeager on November 12 or to diligently arrange for the depositions of the other police defendants despite apparently ample opportunity to do so.  Consequently, it is ORDERED that plaintiff's motion to reconsider be, and it hereby is, denied.

      The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

      ENTER: December 22, 2015

John T. Copenhaver, Jr.
United States District Judge