```
                    UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF WEST VIRGINIA
                            AT CHARLESTON
```

**WAYNE PATTERSON**

       Plaintiff,

v.                                          Civil Action No. 12-01964

**LIEUTENANT R.T. YEAGER,**
**SERGEANT L.S. THOMAS, and**
**OFFICER R.P. MCFARLAND,**

       Defendants.


<u>MEMORANDUM OPINION AND ORDER</u>

Pending is plaintiff Wayne Patterson's motion for entry of final judgment with respect to fewer than all parties, filed February 26, 2016.

I.

On February 11, 2016, the court granted defendant Magistrate Julie Yeager's motion for summary judgment. <u>See</u> February 11 Order, at p. 52. As noted, plaintiff now moves for Rule 54(b) certification. In plaintiff's reformed second amended complaint, there was but one count against Magistrate Yeager. <u>See</u> Compl., Count 10, ¶¶ 673-75. In that count, plaintiff alleged that Magistrate Yeager participated in a conspiracy with the other defendants -- all officers of the

South Charleston Police Department -- to deprive plaintiff of his constitutional rights. Id.

II.

Federal Rule of Civil Procedure 54(b) provides pertinently as follows:

> When more than one claim for relief is presented in an action . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Fed. R. Civ. P. 54(b).

Rule 54(b) certification is recognized as the exception rather than the norm. It should neither be granted routinely, Curtis-Wright Corp. v. General Electric Co., 446 U.S. 1, 10, (1980), nor as an accommodation to counsel. Corrosioneering v. Thyssen Environmental Systems, 807 F.2d 1279, 1282 (6th Cir. 1986) (citations omitted). "Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." Morrison-Knudsen Co. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981). The burden is on the party endeavoring to obtain Rule 54(b) certification to demonstrate

that the case warrants certification. <u>Allis-Chalmers Corp. v. Philadelphia Electric Co.</u>, 521 F.2d 360, 364 (3d Cir. 1975) (footnote omitted).

The remainder of the Rule 54(b) inquiry is governed by <u>Braswell Shipyards, Inc. v. Beazer East, Inc.</u>, 2 F.3d 1331, 1335-36 (4th Cir. 1993), and its progeny. After noting that piecemeal appeals are disfavored, the court of appeals in <u>Beazer East</u> set forth the following factors to guide the district court's analysis of whether there is lacking any just reason for delaying the entry of final judgment:

> "(1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like."

<u>Braswell Shipyards, Inc. v. Beazer East, Inc.</u>, 2 F.3d 1331, 1335-36 (4th Cir. 1993).

### III.

In its February 11, 2016, order, the court concluded that there was no genuine dispute of material fact as to the conspiracy count against Magistrate Yeager, and that Magistrate

Yeager was entitled to judgment as a matter of law. Specifically, the court found that the only evidence of any communication between Magistrate Yeager and any of the police defendants was a phone call placed to the Kanawha County magistrate court by defendant Lieutenant Robert Yeager. However, the court concluded that no reasonable jury could find that the evidence presented demonstrated that Magistrate Yeager and Lieutenant Yeager engaged in a conspiracy to violate plaintiff's rights. Consequently, the court granted Magistrate Yeager's motion for summary judgment.

In the present motion, plaintiff asserts that Magistrate Yeager and Lieutenant Yeager "both had the opportunity to . . . conspire[] and cause [p]laintiff's injury," and that the two "were in the same place and could have met physically." Pl. Mem., at p. 3 (emphases in original). Plaintiff maintains that he must immediately "seek[] review of whether the evidence . . . provides the circumstantial evidence required to overcome a summary judgment ruling." Id. Otherwise, he claims, he will suffer prejudice at trial. Id.

Plaintiff's unsupported assertion of prejudice does not demonstrate the presence of "exceptional circumstances," as plaintiff has pointed to no specific factor that justifies the extraordinary measure of Rule 54 certification. Moreover, the

remaining claims against the police defendants are scheduled to be tried, imminently, on March 15, 2016.  Yet "the relationship between the adjudicated and unadjudicated claims is so close that [the court of appeals] would review many of the same facts now that it would be forced to consider again following appeal of a decision on the unadjudicated claims."  <u>Barbour v. Prince George's Cty. Gov.</u>, 900 F.2s 149, 149 (4th Cir. 1990) (table).

There is a strong federal policy against piecemeal appellate review, and plaintiff has not met his burden of demonstrating that Rule 54 certification is warranted here.  Accordingly, it is ORDERED that plaintiff's motion for Rule 54(b) certification be, and it hereby is, denied.

The Clerk is requested to transmit copies of this order to all counsel of record and any unrepresented parties.

DATED: March 11, 2016

John T. Copenhaver, Jr.
United States District Judge