```
           UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

**WAYNE PATTERSON**

       Plaintiff,

v.                                 Civil Action No. 12-01964

**LIEUTENANT R.T. YEAGER,
SERGEANT L.S. THOMAS, and
OFFICER R.P. MCFARLAND,**

       Defendants.


## MEMORANDUM OPINION AND ORDER

Pending is the "motion to alter or amend judgment," filed by plaintiff Wayne Patterson on February 19, 2016.

### I.

#### A.

In his motion to amend the judgment, plaintiff asks the court to reconsider its order of February 11, 2016. Specifically, plaintiff asserts that "[t]he [c]ourt's finding that Gail Reid had personal knowledge [with respect to the alleged 'fake' power of attorney discussed in the court's order] is predicated upon a mistaken understanding of the facts." According to plaintiff, "all evidence shows Gail Reid was not

present when [p]laintiff took possession" of the Barrett Street house, and therefore "could not have seen [p]laintiff show police a 'fake' power of attorney in order to gain possession of the house." Plaintiff accordingly asks the court to amend its order "under Rule 59(e) of the Federal Rules of Civil Procedure[.]" Plaintiff further requests that the court reconsider the portions of its order granting defendant Magistrate Julie Yeager's motion for summary judgment and denying plaintiff's motion for summary judgment.

The police defendants responded to the motion on March 2, 2016. Magistrate Yeager responded on March 4, 2016. They contend, on largely the same grounds, that plaintiff has failed to set forth sufficient grounds for reconsideration.

B.

To begin, Rule 54, not Rule 59, is the relevant rule in this context. Rule 54 states, in relevant part, as follows:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

2

Fed. R. Civ. P. 54(b).  As the court's February 11 order did not direct entry of a final judgment as to any party or expressly determine that there is no just reason for delay, it is open to reconsideration, if at all, under Rule 54(b).  Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 12 (1983) (observing that "every order short of a final decree is subject to reopening at the discretion of the district judge"); see also Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514-15 (4th Cir. 2003) (same).  Rule 59, on the other hand, applies after the entry of final judgment, not to interlocutory orders.  See Fed. R. Civ. P. 59; cf. Shrewsbury v. Cyprus, 183 F.R.D. 492, 493 (S.D. W. Va. 1998) (Haden, C.J.) (order is interlocutory if "less than all claims as to all parties were adjudicated. . . .").

Reconsideration under Rule 54 is strong medicine, and should be used sparingly.  It is not appropriately used to question every order by the court.  Sejman v. Warner-Lambert Co., Inc., 845 F.2d 66, 69 (4th Cir. 1988) (noting that earlier decisions of a court become law of the case and must be followed unless "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision is clearly erroneous and would work manifest

injustice"); see also Official Committee of Unsecured Creditors of Cooler Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147, 167 (2d Cir. 2003) (reconsideration generally inappropriate unless there is "an intervening change of controlling law, . . . new evidence, or [a] need to correct a clear error or prevent a manifest injustice"); DeGeorge v. United States, 521 F. Supp. 2d 35, 39 (D.D.C. 2007) (considerations for the court "include whether the court 'patently' misunderstood the parties, made a decision beyond the adversarial issues presented, made an error in failing to consider controlling decisions or data, or whether a controlling or significant change in the law has occurred").

Here, plaintiff asserts that the court erred in concluding that Gail Reid had personal knowledge that plaintiff used a "'fake' power of attorney" to convince the police that his claim to the Barrett Street house was superior to hers. In support of that assertion, plaintiff claims that Gail was not present on June 29 when plaintiff first took control of Barrett Street house. Plaintiff's objection misses the point, however, and fails to satisfy the standard for reconsideration under Rule 54.

Although it appears to be true that Gail Reid was not present during the initial entry into the Barrett Street house, see, e.g., Reid Statement 13:13-21, the record is equally clear

4

that Gail Reid was present during the second visit by the police later in the day on June 29, <u>see, e.g.</u> Patt. Aff. ¶¶ 30-31. It was during that visit that plaintiff and Gail each "argued to convince the officers that our positions over the occupancy of our house were our rights as owners." Patt. Aff. ¶ 31. It was also during that visit that the police determined that the Patterson group was entitled to possession, and that the Reid group was living there unlawfully.

As the court noted in its February 11 order, it has been plausibly suggested that plaintiff deceived the police into believing that his rights over the Barrett Street house were superior to Gail's. This is an important, disputed question and it must be resolved by the jury at trial. If plaintiff believes that Gail Reid's assertions were false, he has the opportunity to prove it to the jury. However, plaintiff has offered no basis for the court to conclude at this stage that its "prior decision was clearly erroneous and would work manifest injustice." <u>Sejman</u>, 845 F.2d at 69. Consequently, reconsideration of this issue is not appropriate.

Plaintiff provides no support whatsoever for his request for reconsideration of the portions of the court's order granting Magistrate Yeager's motion for summary judgment or denying plaintiff's motion for summary judgment. Accordingly,

5

the court concludes that reconsideration of those issues is inappropriate as well.

## II. Conclusion

For the foregoing reasons, it is ORDERED that plaintiff's motion to reconsider be, and it hereby is, denied.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: March 11, 2016

John T. Copenhaver, Jr.
United States District Judge